Argued and submitted May 19, affirmed; remanded August 18, 1982

In the Matter of the Compensation of
Robert W. Teel, Claimant.

TEEL,
*Petitioner - Cross-Respondent,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent - Cross-Petitioner.*

(No. 80-02438, CA A23460)

649 P2d 610

Evohl F. Malagon, Eugene, argued the cause for petitioner - cross-respondent. With him on the briefs was Malagon & Velure, Eugene.

Katherine H. O'Neil, Portland, argued the cause for respondent - cross-petitioner. With her on the briefs were Delbert J. Brenneman and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this workers' compensation case, both claimant and employer appeal the order of the Workers' Compensation Board affirming the referee's decision that claimant's back injury is compensable. Claimant appeals the Board's failure to award a reasonable attorney fee, and employer cross-appeals on the issue of compensability. We affirm on compensability and remand to the Board for award of a reasonable attorney fee.

The procedural history of this case may be briefly summarized. Claimant appealed employer's denial of his claim. The referee ordered employer to accept the claim and assessed a penalty for employer's unreasonable refusal to pay compensation. Employer appealed, and the Board affirmed the finding of compensability but vacated the assessment of a penalty. The Board did not award claimant attorney fees, and that is the sole issue raised in claimant's appeal.

Claimant relies on ORS 656.382(2), which provides:

"If a request for hearing, request for review or court appeal is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

Employer properly concedes that the Board was required to award a reasonable attorney fee, because claimant prevailed on the employer-initiated appeal to the Board on the issue of compensability. Claimant is entitled to the award of a reasonable attorney fee for his attorney's representation on the compensation issue, but not on the penalty issue on which the employer prevailed before the Board. *See Korter v. EBI Companies, Inc.,* 46 Or App 43, 52-54, 610 P2d 312 (1980), *remanded on other grounds,* 290 Or 301 (1981).

On cross-appeal, employer contends that claimant failed to establish by a preponderance of the evidence that

he suffered a compensable injury. Employer's argument rests entirely on its contention that claimant lacks credibility. In its order on review, the Board stated:

"The first issue, compensability, largely depends on claimant's credibility. The Referee found claimant to be credible. Arguing that we should make a contrary finding, the employer's brief presents an impressive catalog of inconsistencies in claimant's testimony. We find some of the inconsistencies were created by words being put into claimant's mouth during skillful cross-examination. Others are on collateral and relatively inconsequential matters. The employer's brief raises doubts in our minds about claimant's credibility, but not sufficient doubt to overcome the Referee's advantage in seeing the witnesses."

Employer makes the same arguments on appeal, and on review we come to the same conclusion as the Board.

We affirm the finding of compensability and remand to the Board for award of a reasonable attorney fee.