On petition for review submitted March 15, denied May 15, 1984

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## JIMMIE ARLYN FORBUS,
*Petitioner on Review.*

(TC 83-262; CA A28800; SC S30521)

680 P2d 1028

Gary D. Babcock, Public Defender for Oregon, Salem, submitted petition for Petitioner on Review.

James E. Mountain, Jr., Solicitor General, Salem, submitted brief in the Court of Appeals for Respondent on Review. With him on the brief were Thomas H. Denney, Assistant Attorney General and Dave Frohnmayer, Attorney General.

Linde, J., dissenting.

**LINDE, J.,** dissenting.

Petitioner appealed the imposition of two consecutive maximum 20-year prison sentences, with consecutive mandatory minimum ten-year terms of imprisonment, for a first degree burglary and a first degree assault committed in the same criminal episode. Petitioner pleaded guilty to the burglary charge and no contest to the assault charge, and he appealed only the sentences "pursuant to ORS 138.050." That statute allows appeals from an "excessive" sentence. The Court of Appeals affirmed without opinion.

The circuit court's reason for the sentences appear from the transcript of the sentencing hearing and a letter addressed by the sentencing judge to the Chairperson of the Board of Parole. They show that defendant entered an aged woman's home in order to steal, that he demanded money, that defendant severely beat and injured the victim with a baseball bat, and that he left the victim locked in the house after pulling the telephone loose so that the victim was unable to call for help.

No claim is made that separate sentences could not be imposed for the burglary and for the assault. Nor is there any serious issue about the maximum sentence and mandatory minimum term of imprisonment for this brutal and potentially deadly assault. The record raises a question, however, whether the circuit court would have imposed a further maximum sentence and ten years of mandatory imprisonment for the burglary apart from the assault that followed. There are indications in the transcript and the court's letter that it would not have done so. The presentence report apparently was not forwarded with the appellate record, as required by ORAP 12.16.

The legislature has specified a 20-year maximum sentence for first degree assault and authorized judges to mandate a ten-year minimum term of actual imprisonment for that crime. ORS 161.605(1), ORS 144.110(1). The circuit court imposed both of these for the assault. To repeat, the brutality of that crime leaves no issue whether that sentence was excessive. But if the court then enhanced the burglary sentence in order to impose further consecutive punishment by reason of the same assault, arguably this exceeds the legislative scheme.

There is no indication whether or how the Court of Appeals analyzed this question. Without expressing a view on the merits, I would allow review to examine the issue.