On petition for review submitted December 27, 1984, petition denied
February 12, 1985

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## EDITH DELL DAVIS,
*Petitioner on Review.*

(C83-06-32667; CA A30474; SC S31373)

695 P2d 572

Lawrence Matasar, Portland, submitted brief for petitioner on review. With him on the brief was Hoffman, Matasar & Glaeser.

Dave Frohnmayer, Attorney General, Salem, submitted brief for Respondent. With him on the brief was James E. Mountain, Jr., Solicitor General, Salem.

**LINDE, J.,** dissenting.

Defendant was convicted of Criminal Trespass in the Second Degree, a Class C misdemeanor for which the maximum allowable sentences are a jail term of 30 days and a $500 fine. ORS 164.245, 161.615, 161.635. Originally charged with burglary, she already had been jailed for 60 days pending trial, which ordinarily would be credited against any jail sentence. ORS 137.370, 137.390. Instead of sentencing defendant, the trial court, over her objection, suspended imposition of sentence and placed her on probation for two years under specified conditions, including completion of a residential program and alcohol control program approved by her probation officer.

The Court of Appeals affirmed this sentence (or "non-sentence") without opinion. 70 Or App 731, 690 P2d 533 (1984). The fact that this court now denies review, of course, implies no approval of either court's action. *1000 Friends of Oregon v. Bd. of Co. Comm.,* 284 Or 41, 584 P2d 1371 (1978). Nonetheless, the case involves issues that are important in the administration of the laws governing criminal penalties and that are by no means free from doubt. I therefore dissent from the denial of review.

ORS 138.040 calls for appellate review to determine whether a sentence is "cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense." Defendant asserts that the 1977 legislature amended this section and its companion, ORS 138.050, in order to broaden appellate review of sentences to criteria beyond outright illegality, but that the Court of Appeals, from its first decision under these statutes, *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1979), has failed to exercise the statutory responsibility, limiting its review of sentences to outright violations of law as before. This court has never approved the essential abnegation of sentence review under ORS 138.040 and 138.050 stated in the *Dinkel* opinion, but it also has done little to give effect to the legislature's mandate, or even to explain it. *See, e.g., State v. Forbus,* 297 Or 120, 680 P2d 996 (1984) (Linde, J., dissenting).

The question in the present case, however, strikes me as going beyond the factual propriety of the particular conditions of probation imposed on defendant, who already was on probation for a prior offense. This court would have no reason

to take the case in order to review those conditions. More important is the question whether conditions of probation for two years, or perhaps longer, may ever be imposed on an objecting defendant in lieu of imposing a sentence with a maximum term of 30 days. The fact that this defendant already had been jailed for 60 days before conviction dramatizes the anomaly but may not affect that question.

I do not know how many kinds of conduct are made misdemeanors, in and out of the criminal code, and punishable by short jail terms in theory, though ordinarily by fines in practice. ORS 137.010 authorizes trial courts to suspend imposition of sentence and instead place an offender on probation for as much as five years under conditions that the court deems appropriate.[1] That can be an awesome power over people's lives — not only over the offender's but often over those of her family or close associates. *See, e.g. State v. Northcutt,* 71 Or App 227, 691 P2d 927 (1984) (defendant's probation conditioned on not associating with her husband). On its face, the statute could be taken to empower a court to control a person's life for five years, including her place of residence, her employment, her associations, her choice of medical or psychological therapy, and loss of legal and constitutional rights enjoyed by other persons, ORS 137.540, all solely by virtue of a reserved power to impose a small fine or a jail sentence as short as 30 days. A court could assume such control for five years over a person found guilty of offensive littering, ORS 164.805, or transporting hay without having in his possession a certificate from the producer, ORS 164.815, or reproducing a sound recording or videotape without the written consent of the owner of the master recording, ORS 164.865, 164.875, or a host of other regulatory offenses instead

---

[1] ORS 137.010 provides in part:

"(1) The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence in accordance with this section unless otherwise specifically provided by law.

"(2) When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years. The court may extend the period of suspension beyond five years in accordance with subsection (3) of this section.

"(3) If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not more than five years. * * *"

of imposing the short fines or sentences provided for these offenses. At least a court could do so if neither ORS 137.010 nor 138.040 and 138.050 require that the period of probation relate to the maximum period of imprisonment allowable for the offense.

We cannot take for granted that the legislature intended such an interpretation of ORS 137.010, especially when one considers the petty penalty that is the only sanction if the defendant simply fails to comply with the conditions of probation. Probation, after all, was conceived as a less onerous alternative to severe punishment, that is to say, as a benefit to offenders; before the financial impossibility of actually carrying out most authorized sentences of incarceration turned it into a necessity for the state. Many offenders in fact may prefer a lengthy period of probation to even a short jail sentence. But would the legislature contemplate that a defendant's counsel should advise her that the only way to be sentenced is to disobey a judge's order, rather than to reject probation at the time of sentencing?

Without expressing any conclusion on these questions, I believe they deserve attention and therefore would allow the petition for review.

Lent, J., joins in this dissenting opinion.