On petition for review; see 32 Or App 413, appellants' petition for review filed March 9, petition denied October 6, 1978

1000 FRIENDS OF OREGON et al, *Petitioners,*

*v.*

BOARD OF COUNTY COMMISSIONERS, BENTON COUNTY et al, *Respondents.*

(TC 30380, CA 6885, SC 25838)

1000 FRIENDS OF OREGON et al, *Petitioners,*

*v.*

BOARD OF COUNTY COMMISSIONERS, BENTON COUNTY et al, *Respondents.*

(TC 30520, CA 6939, SC 25838)

(Cases Consolidated on Appeal)

584 P2d 1371

Robert E. Stacey, Jr., Portland, on the Petition for Review.

No appearance by respondents.

·Herbert H. Anderson, Harold C. Pope, Dezendorf, Spears, Lubersky & Campbell, Portland, filed a brief and supplement for Preserve Our Rural Environment and Charles Evers, as amici curiae.

James A. Redden, Attorney General, Salem, Al J. Laue, Solicitor General, Michael D. Reynolds, Assistant Attorney General, and Peter S. Herman, Senior Counsel, filed a brief for the Land Conservation and Development Commission as amicus curiae.

PER CURIAM.

Tongue, J., concurring.

Howell, J., specially concurring.

**PER CURIAM.**

Petitioners seek review of a decision of the Court of Appeals in which the same petitioners won a reversal and remand of a dismissal of a writ of review by the circuit court for Benton County. The litigation concerns the approval of two subdivision plans by the Benton County Board of Commissioners, which petitioners attacked for failing to comply with the "agricultural land" goal (Goal 3) of the State-Wide Planning Goals and Guidelines of the Land Conservation and Development Commission, Oregon Administrative Rules 660-10-060.[1] The Court of Appeals, in an opinion by Judge Johnson and a separate concurring opinion by Chief Judge Schwab, concluded that Goal 3 was applicable, but that it had not been addressed in the county's findings and decision to approve the subdivisions. The majority opinion then continued with a discussion that interpreted Goal 3 and its relationship with exclusive farm use zoning under ORS chapter 215. The court concluded that the writ of review should not have been dismissed and remanded the case for further proceedings.

Although petitioners thus prevailed in the Court of Appeals, they petition this court for further review in order to "correct the errors in the opinion of the Court of Appeals" which they claim to result from an interpretation of Goal 3 that differs from the interpretation given this goal by the commission itself. The commission has filed a brief amicus curiae supporting the petition for review on the same ground.

We deny the petition for review. Normally, decisions to allow or deny review have been and will continue to be announced without explanation. However, since January 1, 1978, almost all cases come to this court by petition for review. ORS 2.516, 2.520. It is to be expected that only a relatively small fraction of these petitions will be allowed. Thus we believe it may

---

[1] Renumbered 660-15-000, January 25, 1975.

be timely to explain the significance that should, or more importantly, should not be attached to a denial of a petition for review.

■ The function of this court is no longer to afford every losing litigant a forum to review errors said to have been committed at trial or in an administrative hearing. That function is now placed in the Court of Appeals. Similarly, a party asserting that the Court of Appeals, in turn, has erred cannot for that reason alone expect further review in this court. The process must stop somewhere, and for most purposes this is at the first level of appeal. However, since this court will not grant review whenever it appears that the Court of Appeals reached a questionable decision, it follows that a denial of review carries no implication that the decision or the opinion of the Court of Appeals was correct.

■ Our rules require that a party petitioning this court to review a decision of the Court of Appeals must show why the decision deserves further review apart from whether it is ultimately found right or wrong. Rule 10.05 provides that the petition shall contain, after the points relied on for reversal,

> (d) A statement of concrete reasons, apart from those asserted for reversal, explaining why the issues presented have importance beyond the particular case and require decision by the Supreme Court; . . .
> S Ct R Proc, 277 Or [36].

The court has thought it wisest not to define in advance a closed set of criteria that could be misunderstood as "entitling" a petitioner to review, but rather to let petitioners present concrete reasons why the importance of an issue transcends the importance of the case to the litigants.[2] Some such reasons are obvious, for instance, the interpretation of a new statute affecting large numbers of persons or transactions, the use and effect of a rule of trial procedure, or

---

[2] *Cf. K. v. Health Division,* 277 Or 371, 377, 560 P2d 1070 (1977), Denecke, C. J., specially concurring.

the constitutionality of an important and irreversible governmental action, to name only a few. Where the asserted frequency or scope of the issue is not apparent, it should be explained. But there are other reasons that cannot be anticipated, and those mentioned above do not necessarily assure review. Ultimately, at least three members of the court must be persuaded that the *relative* importance of the case gives it priority in competition with many others potentially worthy of review. Rule 10.15. If a party finds it impossible to state a plausible argument under Rule 10.05(d), as seems to be the case in a number of petitions, it would be the better part of wisdom to abandon the petition for review.

Even when it may seem that a decision of the Court of Appeals meets the test for review, reasons not apparent on the surface may militate against review. The statute at issue may have been repealed or be about to run out by its own terms. An agency rule said to have been misconstrued may be important but susceptible to being clarified or amended by the agency itself. An issue may arise in a context of complicated facts not likely to be repeated. The decision of the Court of Appeals may rest on several grounds compelling the same outcome even if the challenged ruling were reversed. Procedurally, the issue on which review is sought may have been inadequately raised at trial or raised for the first time on appeal. The case may have become moot. Or, as in the present litigation, the case may have been remanded by the Court of Appeals for further proceedings, and the disputed issue may be considered at a later stage if it is not resolved. In the light of all these various circumstances that may persuade less than three members of the court to allow review, it is plain that denial of review in this or any other case may not be taken as expressing even a slight sign that this court approves the decision or the opinion of the Court of Appeals.

■ Almost 30 years ago, Justice Felix Frankfurter spelled out the identical points about the denial of a writ of certiorari in the Supreme Court of the United States. "A variety of considerations underlie denials of the writ," he wrote, "and as to the same petition different reasons may lead different Justices to the same result." By the same token, it is impractical to publish explanations for actions on petitions for certiorari, or review.

> The time that would be required is prohibitive, apart from the fact as already indicated that different reasons not infrequently move different members of the Court in concluding that a particular case at a particular time makes review undesirable. It becomes relevant here to note that failure to record a dissent from a denial of a petition for writ of certiorari in nowise implies that only the member of the Court who notes his dissent thought the petition should be granted.
>
> Inasmuch, therefore, as all that a denial of a petition for a writ of certiorari means is that fewer than four members of the Court thought it should be granted, this Court has rigorously insisted that such a denial carries with it no implication whatever regarding the Court's views on the merits of a case which it has declined to review. . . .

*Maryland v. Baltimore Radio Show,* 338 US 912, 917-919 (1950). It is equally true in this court that the statement of one member of the court on denial of a petition for review shows nothing of whether some or even all other members of the court agreed or disagreed with his views, beyond the single question whether the review should be allowed. *Cf. State v. Garza,* 283 Or 1; 580 P2d 1030 (1978) (opinion of Lent, J.)

"The one thing that can be said with certainty about the Court's denial of [the] petition in this case" (to adapt Justice Frankfurter's sentence) "is that it does not remotely imply approval or disapproval of what was said by the Court of Appeals . . . ." 338 US at 919. One necessary consequence of this recognition is that counsel will sometimes have to impose on the patience of trial courts to renew a contention that has

[ 46 ]

previously been rejected by the Court of Appeals, even though this court denied review in the earlier case or cases, so that the contention is not waived and the issue foreclosed from review. An issue that may appear to be settled by one or more opinions of the Court of Appeals may in fact not be settled when a later petition presenting the issue demonstrates that it deserves review in this court. While this fact can introduce temporary uncertainties in the law, that is a concomitant of discretionary review of which this court is mindful in acting on petitions for review.

As for the present case, we repeat that denial of review at this stage implies neither approval nor disapproval of the opinions of the Court of Appeals. The petition for review is denied.

**TONGUE, J.,** concurring.

I concur in the denial of this petition for review and in most of what is said by the majority. I do not concur in the impression conveyed by that opinion to the effect that this court will allow petitions for review only in cases of public importance.

I agree that petitions for review in cases of public importance should have priority. It may develop that the volume of petitions for review will become so great that the full time of this court must be devoted to such cases. Unless and until that time should arrive, however, I believe that the court should, to the extent of its capacity, make every effort to allow petitions for review in cases in which there were substantial and prejudicial errors in trials or in administrative proceedings not corrected by the Court of Appeals or in which opinions by that court make "bad law," particularly where substantial injustice has been the result.

This case, however, has been remanded by the Court of Appeals for further proceedings in which the parties will have a further opportunity to relitigate the issues between them.

Howell, J., concurs in this opinion.

[ 47 ]

**HOWELL, J.,** specially concurring.

I agree with the denial of the petition to review the opinion of the Court of Appeals, wherein the suit was remanded for additional findings. However, the denial of the petition should not be considered as approval of that part of the opinion of the Court of Appeals interpreting and explaining Goal No. 3 and also the relationship between Goal No. 3 and exclusive farm use zoning.