On respondent's motion for reconsideration of Supreme Court order of September 14, 1982, denying respondent's petition for attorney fees; former opinion filed June 22, 1982 (293 Or 239, 646 P2d 1330,* petition for attorney fees denied February 9, 1983

In the Matter of the Compensation of
Sharon Bracke, Claimant.
BRACKE,
*Petitioner on Reconsideration/Respondent on Review,*
*v.*
BAZA'R, INC. et al,
*Respondents on Reconsideration/Petitioner on Review,*
ALBERTSON'S FOOD CENTERS et al,
*Respondents on Review.*
(CA 17587, SC 27825)
658 P2d 1158

Eugene L. Parker, Parker & McCann, Portland, for petitioner.

Scott M. Kelley, Cheney & Kelley, P.C., Portland, for respondents Baza'r, Inc., and General Adjustment Bureau.

No appearance by respondents Albertson's Food Centers, O.J.'s 42nd Avenue Thriftway, Aetna Insurance Company, and Industrial Indemnity Company.

Before Lent, Chief Justice, and Peterson, Campbell, Carson and Jones, Justices.

LENT, C. J.

---

* Judicial review of order of Workers' Compensation Board, 51 Or App 627, 626 P2d 918 (1981).

## LENT, C. J.

The issue is whether under ORS 656.382(2) a workers'[1] compensation claimant is entitled to an award of attorney fees in this court where the employer and its insurer petitioned this court for review of a Court of Appeals' decision and the compensation to be awarded claimant under that decision was neither disallowed nor reduced by our decision. That statute provides:

> "If a request for hearing, request for review or court appeal is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

The course of this litigation on the merits is found in *Bracke v. Baza'r*, 51 Or App 627, 626 P2d 918 (1981), and *Bracke v. Baza'r*, 293 Or 239, 646 P2d 1330 (1982). In summary, the claim was originally denied. The claimant requested a hearing. ORS 656.283. The referee sustained the denial, ORS 656.289, and the claimant requested review under ORS 656.295 by the Workers' Compensation Board, which affirmed denial of the claim. The claimant then initiated an appeal to the Court of Appeals, ORS 656.298, which found that the claimant had a compensable claim for compensation for occupational disease and that, of three employers for whom claimant had worked, Baza'r was the responsible employer. The Court of Appeals ordered that the matter be remanded to the Board to determine whether the responsibility for payment of compensation was that of Baza'r's insurers or of Baza'r as a self insurer.

Under ORS 2.520, Baza'r filed two petitions for review by this court, one on Baza'r's own behalf and one through an insurer. We affirmed the Court of Appeals with

---

[1] In 1965, the law was denominated the "Workmen's Compensation Law" and the Workmen's Compensation Board was created. The law is now known as the "Workers' Compensation Law" and the name of the Board has been changed accordingly. ORS 656.001 and 656.005(4). Throughout this opinion we shall use the current designation.

some modification not important to the issue now before us. One effect of our decision was that the award of compensation due to the claimant under the decision of the Court of Appeals was not "disallowed or reduced."

Claimant petitioned this court for an award of attorney fees to be paid by the employer and its insurer who petitioned this court for review. We originally denied the petition, and the claimant has requested that we reconsider that action.

The first question to be addressed is whether discretionary review in this court is within the term "court appeal" found in ORS 656.382(2).

Prior to the 1965 wholesale revision of the laws relating to workers' compensation, the statutory provisions for attorney fees were sparse indeed. The system was then administered by the State Industrial Accident Commission (SIAC), which was both the insurer and the body that initially adjudicated disputes between itself and claimants. Prior to 1951, if a claimant desired to challenge "any order, decision or award" of SIAC, the claimant had to present an "application for rehearing" to SIAC. OCLA § 102-1773. If claimant improved his position on rehearing, his attorney fees came out of his increased compensation, and the amount was set by SIAC. OCLA § 102-1775. If claimant were dissatisfied after rehearing, he could appeal to circuit court. OCLA § 102-1774. If he improved his position there, his attorney fees were payable out of his increased compensation and were set by the court. OCLA § 102-1775.

Either the claimant or SIAC could appeal to this court. OCLA § 102-1774. In 1945, the legislature decreed that in case this court affirmed a circuit court judgment on an appeal to this court by SIAC, the claimant could recover attorney fees to be fixed by this court in addition to the compensation payable by reason of the circuit court judgment. Or Laws 1945, ch 303, § 1. This appears to be the first legislative authorization for a claimant to pay or recover attorney fees except as a portion of his award of benefits.

Further legislative action in 1951 gave to the claimant the right to receive reasonable attorney fees to be paid by SIAC in addition to his compensation where claimant

prevailed in an appeal to the circuit court from a SIAC order rejecting his claim. Or Laws 1951, ch 330, § 2. Six years later, it was provided that the claimant should recover attorney fees in addition to compensation where he prevailed before SIAC itself on an "appeal" from a decision rejecting his claim. Or Laws 1957, ch 558, § 1.

In 1965, the legislature undertook a sweeping revision of the statutes pertaining to workers' compensation. SIAC was abolished, and employers or the State Compensation Department (SCD) became responsible for the payment of benefits to injured workers. The adjudication of disputes between claimants and those responsible for payment of benefits was given in the first instance to the newly created Workers' Compensation Board (Board). Hearings upon questions concerning claims were to be conducted by hearing officers of the Board. Any party could request review by the Board itself. Thereafter, any party could appeal to circuit court, and any party disappointed there could appeal to this court. If the appellant in this court were the employer or SCD and if the circuit court judgment were affirmed, the claimant was to be allowed an attorney fee fixed by this court and paid by the appellant in addition to compensation. Or Laws 1965, ch 285, § 38, amending then ORS 656.292.

During the testimony before legislative committees considering the 1965 revision, opponents of HB 1001 (the vehicle for revision) expressed fear that the adversarial position of the employer or SCD, on the one hand, and the claimant, on the other, might result in the former pursuing appeals at each level for the purpose of wearing down or harassing claimants. The answer was to provide that where the employer or SCD initiated "a request for hearing, request for review or court appeal" and the claimant successfully defended his award, the employer or SCD, as the case might be, would become liable for reasonable attorney fees in addition to the award of benefits.[2] Or Laws 1965, ch 285, § 42(2). That section became ORS 656.382(2), providing as follows:

> "If a request for hearing, request for review or court appeal is initiated by an employer or the department, and

---

[2] Debate upon HB 1001 in the House of Representatives, March 3, 1965.

the hearing officer, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or department shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the hearing officer, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

ORS 656.292, which had been amended as above noted, was renumbered as ORS 656.301; therefore, the situation obtaining immediately after the 1965 revision was that a claimant who successfully defended his award upon attack by the employer or SCD was entitled to attorney fees in addition to compensation at every level of scrutiny by virtue of either ORS 656.382(2) or 656.301.

■ ■  We conclude that because there was a preexisting, separate, statutory right to recover fees in this court by reason of former ORS 656.292, which was carried forward as ORS 656.301, the reference to "court appeal" in the entirely new provision in Oregon Laws 1965, chapter 285, section 42(2), which became ORS 656.382(2), was meant to apply to the appeal to circuit court.[3]

In 1969, the legislature created the Court of Appeals. Or Laws 1969, ch 198, § 1, as amended by Or Laws 1969, ch 591, § 262a. *See,* ORS 2.510. The Court of Appeals was given exclusive direct appellate jurisdiction of circuit court judgments in compensation cases, but there were no amendments to ORS chapter 656 reflecting that state of affairs. ORS 656.301, by its terms, continued to mandate the allowance of attorney fees on appeal, and the Court of Appeals cited ORS 656.301 as authority for awarding attorney fees in its first two reported decisions in

---

[3] The referent of the term "request for review" should also be identified. Oregon Laws 1965, chapter 285, section 35a, which became ORS 656.295, provided for Board review of the order of a hearing officer upon "request for review." Oregon Laws 1965, chapter 285, section 36(1), which became ORS 656.298(1), provided for a "request for judicial review" by the circuit court. Subsections 3, 4, 5, 6 and 7 of section 36 referred to the judicial review as an "appeal." Since, as discussed in the body of this opinion, the term "court appeal" in ORS 656.382(2) referred to the appeal to the circuit court, and, since the Court of Appeals was not yet in existence and, therefore, there was no ORS 2.520 providing for "review" in this court, we conclude that the term "request for review" found in ORS 656.382(2) referred only to a request for review by the Board of the hearing officer's order. We have found nothing to indicate that the legislature ever later meant to encompass within that term the discretionary review in this court under ORS 2.520.

workers' compensation cases. *See, Cunningham v. Compensation Dept.,* 1 Or App 127, 459 P2d 892 (1969), and *Boorman v. Compensation Dept.,* 1 Or App 136, 459 P2d 885 (1969).[4]

It was not until 1977 that the place of the Court of Appeals in the scheme of things was recognized in ORS chapter 656. ORS 656.298, which had provided since 1965 for appeal to the circuit court from decisions of the Board, was amended to delete reference to the circuit court and to substitute therefor the Court of Appeals. Or Laws 1977, ch 804, § 11. ORS 656.301, which had provided for appeal from circuit court, was repealed. Or Laws 1977, ch 804, § 55.

The upshot was that the only court still mentioned in the part of ORS chapter 656 pertaining to the procedure for obtaining compensation, ORS 656.262 to 656.330, was the Court of Appeals.

After creation of the Court of Appeals in 1969, cases reached this court from that court only on petition for discretionary review under ORS 2.520. This court, when it allowed review of a workers' compensation case, had continued, under the terms of ORS 656.301(1), to review the facts as well as the law on the entire record made before the Board. In *Surratt v. Gunderson Bros.,* 259 Or 65, 81-82, 485 P2d 410 (1971), a dissenting opinion took the position that this court should no longer "review de novo" upon the record. One of the reasons assigned by the dissenters was that ORS 656.301 applied to "appeals" from the judgment of the circuit court and that a proceeding before this court upon granting a petition for review under ORS 2.520 was "not literally an appeal from a judgment of the circuit court." In *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971), this court "accept[ed] the reasoning" of the dissent in *Surratt* that "appeals from the judgment of the circuit court are now to the Court of Appeals."

This court's decision in *Sahnow* in 1971, taken together with the 1977 amendment to ORS 656.298 and repeal of ORS 656.301, present a strong case that the only

---

[4] Although ORS 656.301 had not been directly amended in either 1967 or 1969, by 1969 the section referred to "State Accident Insurance Fund" rather than the "department." This was because of redesignation of the State Compensation Department as State Accident Insurance Fund (SAIF) by Oregon Laws 1969, chapter 247, section 1, as amended by Oregon Laws 1969, chapter 597, section 63.

court to which "court appeal" in ORS 656.382(2) could refer is the Court of Appeals. We so hold; therefore, there is no authority arising from that subsection for this court to award attorney fees in this court to the claimant who successfully defends an award upon a petition for review from the Court of Appeals.

It has been argued that the "court appeal" mentioned in ORS 656.382(2) refers to the entire proceedings in the court system, i.e., both to the appeal under ORS 656.298 and discretionary review in this court under ORS 2.520.[5] If that is so, however, it is of no avail to the claimant in this case. ORS 656.382(2) is applicable only when the court appeal is "initiated" by the employer or insurer. If the entire proceedings in the Court of Appeals and this court is one appeal, it was initiated by the claimant in this instance because it is the claimant who initiated the appeal from the Board to the Court of Appeals upon the issue of compensability of her claim.

We have herein considered again the claimant's request for an allowance of attorney fees under ORS 656.382(2) and find that it must be denied.

---

[5] *Compare,* our allusion to such a hypothesis in *Brown v. EBI Companies,* 289 Or 905, 618 P2d 959 (1980).