On respondent's motion for reconsideration of Supreme Court order of February 22, denying respondent's petition for attorney fees; motion for reconsideration allowed April 20; petition for attorney fees denied August 8, 1984

In the Matter of the Compensation
of Harold Curry, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent on Reconsideration/*
*Petitioner on Review,*

*v.*

CURRY,
*Petitioner on Reconsideration/*
*Respondent on Review.*

(WCB 81-021CA A27159; SC S30183)

686 P2d 363

J. Michael Alexander, Burt, Swanson, Lathen, Alexander and McCann, Salem, for petitioner on reconsideration.

Donna Parton Garaventa, Assistant Attorney General, Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem, for respondent on reconsideration.

James S. Coon, Welch, Bruun and Green, Portland, filed a brief amicus curiae for Oregon Workers' Compensation Attorneys.

Allan M. Muir, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, filed a brief amicus curiae for Association of Workers' Compensation Defense Attorneys. With him on the brief were Roger A. Luedtke and Ridgway K. Foley, Jr., P.C.

LENT, J.

**LENT, J.**

The issue is whether under ORS 656.382(2) a workers' compensation claimant is entitled to an award of attorney fees for work done in response to an insurer's petition for review which is ultimately denied. The legal services which generated this claim for fees arose from our request that claimant's attorney prepare a response to SAIF's petition for review of a Court of Appeals decision.[1]

The statute in question, ORS 656.382(2), provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals *or petition for review to the Supreme Court* is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal." (Emphasis added.)

The emphasized language is the pertinent part of the amendments to ORS 656.382(2) enacted by Or Laws 1983, ch 568, § 1(2).

The course of this litigation is that claimant was found to be permanently and totally disabled by the Workers' Compensation Board in its exercise of its own motion jurisdiction. SAIF appealed to the Court of Appeals, which affirmed without opinion, and SAIF then petitioned this court for review. After receiving the response from claimant, we denied the petition.

We previously discussed the history and purpose of ORS 656.382(2) in *Bracke v. Baza'r,* 294 Or 483, 658 P2d 1158 (1983). We shall not repeat that discussion here. One purpose of the statute is to discourage employers or their insurers from wearing down claimants with harassing and frivolous appeals.

---

[1] Claimant's attorney originally filed a one-half page response to the petition, addressing a procedural aspect of the case, in which he "reserved the right to file a substantive response if review should be accepted." This court, desiring to have the attorney's views, at which he hinted, then asked for his further response. Fees for the services performed by claimant's attorney with respect to the second response are the subject of this case.

The statute does this by providing for an award of attorney fees to the claimant if an employer or insurer initiates a higher level examination of the case and does not win a reduction or elimination of the claimant's award. *Bracke,* 294 Or at 487.

As we determined in *Bracke,* because of an apparent legislative oversight,[2] the statute, as it existed prior to amendments by the 1983 legislature, did not permit attorney fees to be awarded by this court to claimant's attorney for work done at the Supreme Court level. *Bracke,* 294 Or at 490. For this reason, if claimant is to prevail it must be because the amendments enacted in 1983 so permit. These amendments, *inter alia,* made a petition for review to the Supreme Court a type of employer initiated action which could trigger a possible award of attorney fees.

The question is to determine if our denial of review fits the statutory predicate for awarding attorney fees if this "* * * court *finds* that the compensation awarded to claimant should not be disallowed or reduced * * *." ORS 656.382(2). (Emphasis added.) SAIF argues that we have not made a finding and, therefore, we are powerless to award such fees to claimant.

We explained the want of significance to be attached to a denial of a petition for review in *1000 Friends of Oregon v. Bd. of Co. Commissioners,* 284 Or 41, 584 P2d 1371 (1978). We said that "a denial of review carries no implication that the decision or the opinion of the Court of Appeals was correct." *1000 Friends* at 44. After explaining some of the numerous reasons which might cause us to deny review even if we disagreed with a Court of Appeals decision, we said:

> "* * * denial of review * * * may not be taken as expressing even a slight sign that this court approves the decision or the opinion of the Court of Appeals."

284 Or at 45.

---

[2] In 1977 the legislature repealed ORS 656.301 as part of a general attempt to bring ORS chapter 656 into harmony with the statutes which had created the Court of Appeals several years earlier. That action, however, removed any reference to the Supreme Court from ORS chapter 656 and led to our conclusion in *Bracke v. Baza'r,* 294 Or 483, 658 P2d 1158 (1983), that we could not award attorney fees for work done at the Supreme Court level.

We iterated the limited significance to be attached to a denial of review in a later case, *U-Cart Concrete v. Farmers Ins.,* 290 Or 151, 619 P2d 882 (1980), in which we were dealing with the question of whether the respondent to a petition for review which is denied could be awarded costs and disbursements under a different statute as a "prevailing party." We said:

"In denying a petition for review, we neither affirm nor reverse a judgment. We do not even implicitly decide that the respondent's position is correct or that the Court of Appeals properly decided the case. [Citations omitted.]

"When a petition for review is denied the respondent has not prevailed 'on an appeal' in this court. Rather, the court has chosen not to entertain an 'appeal.' " (Footnote omitted)

290 Or at 154.

Although the statute before us in this case requires neither a "prevailing party" nor a "judgment or decree" as was required in *U-Cart,* we find the reasoning of *1000 Friends* and *U-Cart* persuasive. By denying an employer's petition for review in a workers' compensation case, we do not "find" that compensation should not be disallowed or reduced.

As a matter of a literal reading of ORS 656.382(2), we conclude that we have no basis to award attorney fees in this case.

Our inquiry, however, does not end there. As we have said many times, it is the duty of this court in construing a statute to ascertain the intent of the legislature in enacting it and to refuse to adopt a literal interpretation when to do so would produce an "absurd or unreasonable result." *See Pacific P. & L. v. Tax Com.,* 249 Or 103, 110, 437 P2d 473 (1968), and cases cited therein. Applying the text of this statute produces neither an absurd nor unreasonable result, and a study of legislative intent makes that clear. Our inquiry into legislative intent is limited to the 1983 amendments to ORS 656.382(2) because, as we determined in *Bracke,* there was no provision for attorney fees to be awarded for work at the Supreme Court level under the statute as it existed prior to the 1983 amendments.

The amendments to ORS 656.382(2) were enacted by Or Laws 1983, ch 568, § 1(2), which emerged from the Senate

Labor Committee in its final form; therefore, the debate and testimony before that committee are instructive as to the intent of the legislature in amending the statute.

The minutes of the Senate Labor Committee reveal that the members were specifically concerned with the results of three court decisions which had discussed attorney fees in relation to workers' compensation cases. One of those cases was *Bracke v. Baza'r, supra.* The others do not concern us here.[3] In addition, the committee considered, but rejected, a proposal that would have allowed an award of attorney fees to a claimant's attorney who works on an appeal initiated by an employer or insurer, but which is dismissed on the employer/insurer's motion prior to a decision. The committee members' rejection of this proposal is consistent with a generally limited goal in amending ORS 656.382(2).

From our review of the committee proceedings, we are convinced that the committee intended to modify the statute only to the degree necessary to allow claimants in specified situations to obtain attorney fees. The members were particularly concerned with amending the statute to eliminate the problem which led to our holding in *Bracke* that a claimant who prevailed in the Supreme Court after allowance of an employer's petition for review could not win attorney fees. They rejected the only proposal which would have granted attorney fees if an employer initiated an appeal or petition for review, but the case did not proceed to a final judgment in the higher court. We conclude, therefore, that the intent of the legislature in passing the 1983 amendments to ORS 656.382(2) was to allow attorney fees in Supreme Court cases only when this court actually allows an employer's petition for review and decides that theretofore awarded compensation should not be disallowed or reduced.

We recognize that this result is harsh for claimant's attorney in this case. In the usual situation where an employer

---

[3] The other cases were *Paresi v. SAIF,* 62 Or App 139, 660 P2d 684 (1983), and *Teel v. Weyerhaeuser Co.,* 58 Or App 564, 649 P2d 610 (1982). The holding of the Court of Appeals in *Teel,* denying attorney fees to claimant when an employer initiates a cross-appeal, was reversed by this court on March 22 (294 Or 588, 660 P2d 155 (1983)), several weeks before the Senate Labor Committee held its first work session on SB 589. Nevertheless, the committee amended the statute to specifically allow compensation for attorney fees incurred in response to an employer's unsuccessful cross-appeal.

or insurer petitions for review, the claimant/respondent is not required to provide substantial additional legal services until and unless we decide to accept review. If the claimant successfully defends his award before this court, he is entitled to attorney fees. Here, the normal pattern was not followed because we requested that claimant provide a response. In this instance his work will go uncompensated; however, our ability to award attorney fees in workers' compensation cases is limited to the authority granted by statute. In this case we have no authority and must refuse to make an award. The remedy, as always, lies with the legislature.[4]

The petition for attorney fees is denied.

---

[4] Having disposed of this case on the basis set forth in the text of this opinion, we do not reach SAIF's further argument that the statute allows award of a reasonable fee only for "legal representation * * * at and prior to the hearing, review on appeal or cross-appeal" and that services in the Supreme Court are not included therein. The argument is that the reference to "hearing" applies to a hearing before a referee and that the reference to "review on appeal and cross-appeal" refers to proceedings at the Court of Appeals level. If the legislature should desire to provide for an award of attorney fees in the situation presented by the case at bar, it should direct its attention to the full text of ORS 656.382(2).