On respondent's petition for attorney fees filed February 5, petition denied
April 10, 1985

In the Matter of the Compensation of
Kim B. Kitchel, Claimant.
AGRIPAC, INC.,
*Petitioner,*

*v.*

KITCHEL,
*Respondent.*
(83-01162; CA A34058)
698 P2d 69

James L. Edmunson, Eugene, and Malagon & Associates, Eugene, for the petition.

Paul J. DeMuniz and Garrett, Seideman, Hemann, Robertson & DeMuniz, P. C., contra.

Before Warden, P. J., and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

The issue in this case is whether a workers' compensation claimant is entitled to an award of attorney fees for legal services performed in response to an employer's petition for judicial review that is dismissed on the claimant's motion. Claimant relies on ORS 656.382(2):

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or *court finds that the compensation awarded to a claimant should not be disallowed or reduced,* the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal." (Emphasis supplied.)

The precise question is whether in dismissing employer's petition for judicial review on claimant's motion this court has found that the compensation awarded to claimant should not be disallowed or reduced.

In *SAIF v. Bond,* 64 Or App 505, 669 P2d 332 (1983), in which an insurer's appeal was dismissed on its own motion, we held that "in enacting ORS 656.382(2), the legislature intended that a claimant receive a reasonable attorney's fee paid by the employer or insurer when the claimant prevails, whether on the merits or because the appeal is dismissed, because the result is the same."

We now overrule the holding in *Bond* on the basis of the Supreme Court's decision in *SAIF v. Curry,* 297 Or 504, 686 P2d 363 (1984). In *Curry* the issue was whether, under ORS 656.382(2), a claimant was entitled to attorney fees for work done in response to an insurer's petition for review in the Supreme Court that was ultimately denied. As stated by Judge Lent:

> "The question is to determine if our denial of review fits the statutory predicate for awarding attorney's fees if this '* * * court *finds* that the compensation awarded to claimant should not be disallowed or reduced * * *.' ORS 656.382(2)." (Emphasis in original.) 297 Or at 508.

After reviewing earlier court decisions, particularly *Bracke v.*

*Baza'r,* 294 Or 483, 658 P2d 1158 (1983), and legislative history concerning the 1983 amendments to ORS 656.382(2), the court concluded

> "that the intent of the legislature in passing the 1983 amendments to ORS 656.382(2) was to allow attorney's fees in Supreme Court cases only when this court actually allows an employer's petition for review and *decides that theretofore awarded compensation should not be disallowed or reduced.*" 297 Or at 510. (Emphasis supplied.)

In its review of the legislative history the court took note that

> "the committee considered, but rejected, a proposal that would have allowed an award of attorney fees to a claimant's attorney who works on an appeal initiated by an employer or insurer, but which is dismissed on the employer/insurer's motion prior to a decision." 294 Or at 510.

Being unable to find any meaningful distinction between the issue in this case and that in *Curry,* we overrule our holding in *SAIF v. Bond, supra,* and hold that, when an employer or insurer's petition for judicial review is dismissed without a finding "that the compensation awarded to a claimant should not be disallowed or reduced," the claimant is not entitled to an award of attorney fees.

Petition for attorney fees denied.