Argued and submitted January 12, reversed February 14, 1990

In the Matter of the Compensation of
Marcia M. McKellips, Claimant.

LIBERTY NORTHWEST INSURANCE
CORPORATION et al,
*Appellants,*

*v.*

McKELLIPS,
*Respondent.*

(8807-04068; CA A60996)

786 P2d 1321

Stafford J. Hazelett, Portland, argued the cause and filed the brief for appellants.

No appearance for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

The only issue in this workers' compensation case is claimant's entitlement to attorney fees. After a hearing, a referee published an order. Employer sought Board review but withdrew its request before the Board considered the case. The Board dismissed the request for review and held:

> "The request for an attorney fee is denied. Where an insurer's or employer's request for Board review is dismissed prior to a decision on the merits, claimant is not entitled to an attorney fee. *Agripac, Inc. v. Kitchel,* 73 Or App 132[, 698 P2d 69] (1985) * * *." (Other citations omitted.)

Claimant appealed the denial of attorney fees to the circuit court, ORS 656.388(2), which awarded fees. Employer appeals, and we reverse.

■ ■ The Board correctly held that claimant cannot receive fees under ORS 656.382(2),[1] because the Board did not make the finding that the statute requires to support an award of fees. *Agripac, Inc. v. Kitchel, supra.* Neither does ORS 656.386(1)[2] allow the award, because the referee did not deny benefits, claimant did not request Board review, and claimant did not "finally prevail." *Shoulders v. SAIF,* 300 Or 606, 616, 716 P2d 751 (1986). "Attorney fees may only be awarded in workers' compensation cases if they are authorized by statute." *SAIF v. Peoples,* 59 Or App 593, 596, 651 P2d 1359 (1982). There is no such authority.

Reversed.

---

[1] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

[2] ORS 656.386(1) provides, in pertinent part:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney."