Argued and submitted March 25, affirmed October 2, 1991

In the Matter of the Compensation of
Randy Strazi, Claimant.

Randy STRAZI,
*Petitioner,*

*v.*

SAIF CORPORATION
and Turner and Hamm Logging,
*Respondents.*

(WCB 88-13933; CA A65273)

817 P2d 1348

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief were James C. Egan and Emmons, Kropp, Kyger, Alexander & Egan, Albany.

David L. Runner, Assistant Attorney General, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Edmonds, J., specially concurring.

## WARREN, P. J.

In this workers' compensation case, claimant seeks reversal of the Board's order that he is not entitled to attorney fees for successfully defending against employer's cross-request for an offset for overpayment. We affirm.

Claimant injured his left arm in a logging accident on September 14, 1979. After a hearing on April 28, 1987, he was awarded 70 percent scheduled disability for loss of use of his left arm. Neither party appealed that order. On July 22, 1988, a determination order decreased claimant's permanent disability from 70 percent to 11 percent and ordered a reduction in his award. That reduction in scheduled disability, if valid, would have meant that claimant had received an overpayment of $11,328. Claimant appealed the July 22 order; employer cross-appealed to request authorization of an offset against future compensation payments because of the overpayment.

The referee set aside the July 22 order and upheld the April 28 order awarding claimant 70 percent permanent disability. Additionally, the referee awarded claimant attorney fees under ORS 656.382(2), because he had prevailed on employer's request for an offset. Employer appealed. The Board affirmed the referee in setting aside the July 22 order and the denial of the offset, but reversed the award of attorney fees. It concluded that claimant's compensation was not at risk, because an offset does not reduce compensation within the meaning of ORS 656.382(2). Claimant, therefore, was not entitled to attorney fees.

ORS 656.382(2) provides, in part:

"If a request for hearing * * * is initiated by an employer * * *, and the referee * * * finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer * * * shall be required to pay * * * a reasonable attorney fee * * * for legal representation * * * for the claimant at and prior to the hearing * * *."

There are three things that a claimant must prove to get attorney fees under this statute: first, that the employer initiated a request for a hearing to obtain a disallowance or reduction in the claimant's award of compensation or filed a cross-appeal to do so, *Dotson v. Bohemia, Inc.,* 80 Or App 233, 236, 720 P2d 1345, *rev den* 302 Or 35 (1986); second, that the

claimant's attorney performed legal services in defending the compensation award, *Mobley v. SAIF,* 58 Or App 394, 396, 648 P2d 1357 (1982); and, third, that the referee found on the merits that the claimant's award of compensation should not be disallowed or reduced. *Liberty Northwest Ins. Corp. v. McKellips,* 100 Or App 549, 550, 786 P2d 1321 (1990); *Agripac, Inc. v. Kitchel,* 73 Or App 132, 135, 698 P2d 69 (1985).

Employer concedes that its request for an offset on a cross-appeal satisfies the "employer initiated" requirement under ORS 656.382(2). In *Littleton v. Weyerhaeuser Co.,* 93 Or App 659, 662, 763 P2d 741 (1988), we held that the term "initiated" refers to raising issues that would not otherwise have been dealt with by the reviewing body. Employer does argue that claimant's counsel did not perform any legal services contesting the offset; however, we give deference to the agency's determination of that question. *Bentley v. SAIF,* 38 Or App 473, 481, 590 P2d 746 (1979).

The dispositive issue is whether an offset for overpayment against future compensation is a reduction in claimant's award of compensation. ORS 656.382(2) allows employer paid attorney fees if the referee or Board finds "compensation *awarded* to a claimant should not be disallowed or reduced." (Emphasis supplied.) An offset is a correction of an overpayment. It does not reduce or disallow any portion of the award; the employer will only recover, through reduced payments, the amount that the claimant was not entitled to receive. We agree with the Board's conclusion that a request for an offset is not a threat to the award of compensation.

Affirmed.

**EDMONDS, J.,** specially concurring.

I agree with the majority's result but for a different and more simple reason. The determination order decreased claimant's disability from 70 percent to 11 percent. Claimant appealed that order. Employer's cross-appeal for an offset was not made to reduce or disallow the determination order award of 11 percent. Therefore, ORS 656.382(2) is inapplicable, because claimant was not defending an appeal that could have resulted in a reduction or disallowance of the compensation awarded.