Argued and submitted July 29, reversed and remanded December 4, 1996

In the Matter of the Compensation of
Karen K. Deaton, Claimant.

Karen K. DEATON,
*Petitioner,*

*v.*

Debbie HUNT-ELDER,
SAIF Corporation,
and Phil and Mary Cantonwine,
*Respondents.*

(94-04671, 91-18480, 94-04050; CA A91653)

928 P2d 992

Robert Pardington argued the cause for petitioner. With
him on the brief was Pozzi Wilson Atchison.

Julene M. Quinn argued the cause for respondents SAIF Corporation and Debbie Hunt-Elder.

Mark D. Clarke waived appearance for respondents Phil and Mary Cantonwine.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

Landau, J., dissenting.

## LEESON, J.

Claimant petitions for review of an order of the Workers' Compensation Board (Board) that upheld the administrative law judge's (ALJ) ruling that claimant's attorney is not entitled to fees under ORS 656.382(2). We review for errors of law, ORS 183.482(7), (8); ORS 656.298(6), and reverse and remand.

In August 1989, claimant injured her right knee while cleaning a room at the motel where she was employed. She was declared medically stationary on January 2, 1990. Claimant's employer was not covered by workers' compensation insurance. On November 16, 1989, the Compliance Section of the Department of Consumer and Business Services[1] issued an order declaring employer to be a noncomplying employer (NCE) and referred the claim to SAIF for processing. On January 12, 1990, SAIF accepted the claim. An August 14, 1990, determination order awarded claimant 20 percent permanent partial disability.

On February 8, 1990, employer, Hunt-Elder, wrote a letter to the Compliance Section contesting the order of noncompliance. The following month, Hunt-Elder requested a hearing to challenge SAIF's acceptance of the claim. She contended that there was no employer/employee relationship at the time of claimant's injury and that claimant did not suffer a compensable injury.

The hearing originally was scheduled for March 27, 1992, but it was postponed at Hunt-Elder's request. After several more delays, the hearing was convened on January 12, 1993. Both parties were represented by counsel. The hearing was continued to allow Hunt-Elder to submit receivership papers and to obtain the testimony of the Cantonwines, trustees of the motel. It reconvened a year later, on January 12, 1994. In separate orders, the ALJ subsequently joined the Compliance Section as a party and the Cantonwines as potentially responsible employers and rescheduled the hearing to reconvene 11 months later, on

---

[1] The Department of Consumer and Business Services was then known as the Department of Insurance and Finance.

December 14, 1994. Claimant's attorney, the Cantonwines' attorney and counsel for SAIF and the Compliance Section attended the hearing. Hunt-Elder participated without counsel by telephone from California.

Before the hearing concluded, the ALJ asked the parties about the possibility of a settlement. After considerable discussion, they agreed to settle rather than to continue with the hearing and, off the record, they negotiated a settlement. Hunt-Elder agreed to dismiss any claims against the Cantonwines, withdraw her challenge to the compensability of claimant's claim, accept responsibility as a noncomplying employer for claimant's accepted right knee strain and withdraw her request for a hearing. The ALJ drafted a proposed order reflecting the parties' agreement.

On January 10, 1995, the ALJ submitted a proposed order to the parties. It included an award of $8,175 to claimant's attorney pursuant to ORS 656.382(2), payable by SAIF. SAIF objected to the award of attorney fees on the ground that an attorney is not entitled to an assessed fee under ORS 656.382(2) when a request for hearing is withdrawn without a decision on the merits. The ALJ agreed and on March 10, 1995, issued a Stipulated Settlement Order that reflected the parties' agreement and affirmed SAIF's acceptance of claimant's disabling right knee strain. In addition to resolving all issues raised by Hunt-Elder, the order denied claimant's attorney fee request.[2] Claimant appealed the attorney fee

---

[2] The Stipulated Settlement Order provided, in relevant part:

"In lieu of proceeding to hearing, the parties agreed to settle all issues raised or raisable as of December 14, 1994 on the following terms:

"1. [Employer] withdraws her request for hearing protesting the Department's Proposed and Final Order * * * dated November 16, 1989 * * * and said Order is to be affirmed.

"2. [Employer] withdraws her request for hearing appealing SAIF's January 12, 1990 acceptance of claimant's disabling right knee strain * * *. WCB #91-18480 is to be dismissed and said acceptance affirmed.

"3. [Employer] accepts responsibility as a non-complying employer for claimant's August 15, 1989 accepted disabling right knee strain.

"4. The Cantonwines were joined as potential employers responsible for claimant's workers' compensation claim in WCB #94-04671 * * *. In light of the above stipulations, WCB #94-04671 is to be dismissed.

"5. Claimant's attorney's request for an attorney fee * * * is denied based on SAIF's * * * objection thereto. *Donna J. Spencer*, 47 Van Natta 117 (1995).

issue to the Board. It affirmed on the ground that "the stipulation does not address the merits of this case."

On review, claimant contends that the Board erred in affirming the ALJ's decision not to award claimant her attorney fees under ORS 656.382(2). She contends that a stipulated settlement order, approved by the ALJ, is equivalent to a finding on the merits that claimant's compensation was neither disallowed nor reduced. SAIF responds that a decision on the merits is a prerequisite for an award of attorney fees under ORS 656.832(2) and that, because the case was dismissed following Hunt-Elder's withdrawal of her request for a hearing, there was no decision on the merits.

ORS 656.382(2) provides:

> "*If a request for hearing*, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court *is initiated by an employer* or insurer, *and the Administrative Law Judge*, board or court *finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee* in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal." (Emphasis supplied.)

An award of attorney fees under that statute requires (1) that an employer initiate a request for a hearing to obtain a disallowance or reduction in a claimant's award of compensation; (2) that the claimant's attorney perform legal services in defending the compensation award; and (3) that the ALJ find on the merits that the claimant's award of compensation

---

"6. [Employer] is aware that *the above stipulations and my approval* of this Stipulated Settlement Order may result in the Department seeking reimbursement for the costs of claimant's accepted disabling right knee strain claim from [employer]. * * *.

"Therefore, IT IS HEREBY ORDERED that *the above stipulated terms are approved, WCB numbers 94-04050, 91-18480 and 94-04671 are dismissed, the Department's November 16, 1989 Proposed and Final Order No. 14912 is affirmed and SAIF's January 12, 1990 acceptance of claimant's August 19, 1989 disabling right knee strain is affirmed.*" (Emphasis supplied.)

should not be disallowed or reduced. *Strazi v. SAIF*, 109 Or App 105, 107-108, 817 P2d 1348 (1991).

It is undisputed in this case that the first two requirements have been satisfied. Hunt-Elder's request for a hearing challenging both compensability and responsibility unquestionably put at risk claimant's entitlement to compensation. Claimant's attorney represented her throughout the several years of hearings and delays and in the settlement negotiations recommended by the ALJ. The only question is whether the Stipulated Settlement Order, approved and signed by the ALJ, which affirms SAIF's acceptance of claimant's disabling knee strain and leaves intact claimant's compensation, is the equivalent to a finding on the merits that claimant's compensation should not be disallowed or reduced. We hold that it is.[3]

ORS 656.289(1) provides:

"Upon the conclusion of any hearing, *or prior thereto with concurrence of the parties,* the Administrative Law Judge shall promptly and not later than 30 days after the hearing *determine the matter* and make an order in accordance with the Administrative Law Judge's determination." (Emphasis supplied.)

The phrase, "determine the matter," refers to a "matter concerning a claim." ORS 656.704(1). Matters concerning a claim "are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3). ORS 656.289(1) unambiguously provides two methods by which the ALJ may determine a claim: at the conclusion of a hearing, or before the conclusion of a hearing if the parties concur. There is no disagreement in this case that if the ALJ had followed the first method and determined that the compensation awarded to claimant should not be disallowed or reduced, claimant's attorney would have been entitled to a fee under ORS 656.382(2).

---

[3] At oral argument, SAIF conceded that if a stipulated settlement agreement resolves the merits of the dispute, then approval of that agreement in an order issued by the ALJ could constitute the type of finding that is required under ORS 656.382(2) as the prerequisite to an award of attorney fees.

OAR 438-09-005 was adopted by the Board to implement the second method provided by ORS 656.289 for resolving a matter concerning a claim. That method is a stipulated settlement agreement, which is

"a written agreement * * * approved in writing by [an ALJ], in which *any matter contested* between the parties, other than matters resolvable in a claim disposition agreement or disputed claim settlement, *[is] resolved* by agreement of the parties." OAR 438-09-001(3). (Emphasis supplied.)

OAR 438-09-005(4) provides:

"For purposes of ORS 656.289(1)-(3), *[an ALJ's] order approving a settlement stipulation is a determination of all matters* included within the terms of the settlement stipulation." (Emphasis supplied.)

Those rules unambiguously provide that a stipulated settlement order approved by the ALJ resolves contested matters concerning a claim. SAIF does not challenge the validity of those rules. In this case, at the recommendation of the ALJ, the parties entered into negotiations that resulted in a stipulated settlement agreement. That agreement was approved by the ALJ and incorporated into the Stipulated Settlement Order that he issued on March 10, 1994. The order states that "the parties agreed to settle all issues raised or raisable as of December 14, 1994." The order resolves the contested issues of compensability, Hunt-Elder's responsibility, and the liability, if any, of the Cantonwines. Under OAR 438-09-005(4), the order is a determination of the matter involving claimant's claim. Because it "determines the matter," it is the equivalent of an order the ALJ would have issued at the conclusion of the hearing and is a decision on the merits. Consequently, the Stipulated Settlement Order is a finding for purposes of ORS 656.328(2) that claimant's compensation award should not be disallowed or reduced.

Like SAIF, the dissent relies on *SAIF v. Curry*, 297 Or 504, 686 P2d 363 (1984), and *Agripac, Inc. v. Kitchel*, 73 Or App 132, 698 P2d 69 (1985), to reach a contrary conclusion. Those cases are inapposite. In *Curry*, the Supreme Court reiterated that its denial of a petition for review carries

no implication that a decision or opinion of this court is correct. *Curry*, 297 Or at 508. Denial of review may not be taken as "even a slight sign that this court approves the decision or opinion of the Court of Appeals." *Id.*, *citing 1000 Friends of Oregon v. Bd. of Co. Commissioners*, 284 Or 41, 44, 584 P2d 1371 (1978). In *Kitchell*, we held only that when an employer's petition for review is dismissed before a decision on the merits, claimant's attorney is not entitled to a fee under ORS 656.382(2). *Kitchell* did not involve a stipulated settlement agreement, which, as explained earlier, is one of two methods provided by ORS 656.289(1) for resolving a matter concerning a claim.[4] A stipulated settlement order signed by an ALJ signifies not only that the agreement has resolved contested matters concerning a claim but also that the agreement has the approval of the ALJ.

In addition to relying on cases that are inapposite, the dissent maintains that a stipulated settlement order is not the equivalent of a "finding" for purposes of ORS 656.382, notwithstanding the requirement that the ALJ approve the settlement. In its view, the only "matter" resolved by the stipulated settlement agreement was that the employer withdrew her request for a hearing. Consequently, it reasons, there was no final determination as to the merits. 145 Or App at 122. Stipulated settlement agreements are recognized by the Workers' Compensation Board as an award of compensation, *see Cindy A. Cawrse-Schrader*, 1992 WL 174865 (1992) (stipulated settlement order is an award of compensation in a case involving the claimant's aggravation rights), and become part of the official record of a case. *See Aletha R. Samperi*, 44 Van Natta 1173-74 (1992) (determination order and stipulated settlement award are part of the record of the case). It is not surprising that one facet of a stipulated settlement order is to dismiss a request for a hearing, because one consequence of such an agreement is to remove a case from the Hearings Division's docket. The dissent errs in concluding

---

[4] In addition, the dissent points to two cases not cited by SAIF: *Terlouw v. Jesuit Seminary*, 101 Or App 493, 790 P2d 1215, *rev den* 310 Or 282 (1990); and *Liberty Northwest Ins. Corp. v. McKellips*, 100 Or App 549, 786 P2d 1321 (1990). Neither of those cases involved stipulated settlement agreements and each is likewise inapposite.

that employer's agreement to dismiss her request for a hearing is the only effect of the Stipulated Settlement Order.

We conclude that the Board's determination that "the stipulation does not address the merits of this case" is contrary to both ORS 656.289(1), which allows matters concerning a claim to be determined before or after hearing, and to OAR 438-09-005(4), which provides that an ALJ's order approving a settlement stipulation is a determination of all matters.[5] Consequently, the Board also erred in affirming the ALJ's denial of claimant's request for an attorney fee under ORS 656.382(2). *See Shoulders v. SAIF*, 300 Or 606, 610, 716 P2d 751 (1986) (because compensation necessarily follows from a finding of compensability, ORS 656.382(2) provides the basis for an attorney fee); *see also Curry*, 297 Or at 507 (one purpose of ORS 656.382(2) is to discourage employers or insurers from "wearing down claimants with harassing and frivolous appeals" and the employer or insurer does not win a reduction or elimination of the claimant's award).

Reversed and remanded.

**LANDAU, J.,** dissenting.

ORS 656.382(2) provides that attorney fees may be awarded to a claimant when an employer initiates a request for review "and the Administrative Law Judge, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced." The Supreme Court has construed the statute to apply only when review of the matter actually is exercised and there is a decision on the merits that the award

---

[5] Nothing in ORS 656.289(1) or the relevant rules suggests that the legislature or the Board intended to pit an attorney's interest against the client's in the process of defending a claimant's entitlement to compensation. However, that is the effect of the dissent's analysis. Under its rule, an attorney who agreed to enter into a stipulated settlement agreement that preserved the client's compensation award would lose an attorney fee. In order to be entitled to a fee under ORS 656.382(2), the attorney would have to refuse the ALJ's offer to settle and proceed with the hearing, thereby risking the possibility that the ALJ will reduce or disallow the client's award of compensation. Such a conflict would undermine settlements, which both the legislature in ORS 656.289(1) and the Board in OAR 438-09-001(3) and OAR 438-09-005(4) have sought to facilitate.

of compensation should not be disallowed or reduced. We similarly have held that the statute requires a finding on the merits as a predicate to recovery of attorney fees. That did not happen in this case, in which the employer merely withdrew her appeal and stipulated to her responsibility. The majority nevertheless holds that such a stipulation, and the acceptance of it by an ALJ, constitutes the required "finding" that compensation should not be disallowed or reversed and, on the basis of such an approved settlement, awards claimant attorney fees in this case. I disagree.

Claimant's entitlement to fees turns on the meaning of the statutory phrase, "and the Administrative Law Judge, board or court *finds* that the compensation awarded to a claimant should not be disallowed or reduced." To determine the meaning of that phrase, we examine its language, in context, and, if necessary, legislative history and other aids to statutory construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Also relevant to the task are prior judicial decisions concerning the meaning of the statute and related provisions. *State v. Sullens*, 314 Or 436, 443, 839 P2d 708 (1992).

We begin with the language of the statute and, in particular, its requirement that the "Administrative Law Judge, board or court *find*" that compensation should not be reduced. Ordinarily, the word "find" or "finding" refers to a judicial or quasi-judicial determination on the merits after hearing the relevant evidence and arguments on a matter. *See, e.g., Webster's Third New Int'l Dictionary* 852 (1976) ("to determine a case judicially or quasi-judicially by a verdict or decision"); *Black's Law Dictionary* 569 (5th ed 1979) ("A decision upon a question of fact reached as the result of a judicial examination or investigation by a court, jury, referee, coroner, etc."); *The Random House College Dictionary* 494 (1973) ("to determine after judicial inquiry * * * to pronounce as an official act").

Examination of the relevant case law construing ORS 656.382(2) reveals that the Oregon courts uniformly have held that the legislature intended the statutory reference to the "find[ing]" of an ALJ, board or court to mean what it ordinarily means in common parlance. In *SAIF v. Curry*, 297 Or 504, 686 P2d 363 (1984), the Supreme Court held that, when that court

denies review of a workers' compensation decision awarding compensation, the denial of review does not constitute a "find[ing]" within the meaning of the statue. The court held that the legislature intended ORS 656.382(2) to apply

" 'only when this court actually allows an employer's petition for review and decides that theretofore awarded compensation should not be disallowed or reduced.' "

*Id.* at 510.

Similarly, in *Agripac, Inc. v. Kitchel*, 73 Or App 132, 698 P2d 69 (1985), we held that, when an employer's petition for judicial review is dismissed on the claimant's motion, the claimant is not entitled to an award of attorney fees, because there has been no finding on the merits as to compensation. *Id.* at 135. We followed that decision in *Terlouw v. Jesuit Seminary*, 101 Or App 493, 790 P2d 1215, *rev den* 310 Or 282 (1990), in which the employer voluntarily dismissed its own petition for Board review. We held that, without "a decision on the merits," there is "no authority to award attorney fees under ORS 656.382(2)." *Id.* at 494. To the same effect is our decision in *Liberty Northwest Ins. Corp. v. McKellips*, 100 Or App 549, 550, 786 P2d 1321 (1990), in which the employer withdrew its request for Board review. We held that claimant was not entitled to an award of attorney fees under ORS 656.382(2), because "the Board did not make the finding that the statute requires to support an award of fees."

In this case, employer voluntarily withdrew its request for a hearing by an ALJ. The ALJ did not have occasion to decide whether, on the evidence in the record, employer's position was well taken. There was no "finding" on the merits, therefore, and claimant was not entitled to attorney fees any more than the claimants were in *Curry, Kitchel, Terlouw* and *McKellips*.

The majority concludes that, in this case, there actually was a "finding" on the merits as to compensability, based on the fact that the ALJ "approved" a stipulated dismissal of the proceeding. The majority does not explain how approving a stipulation to withdraw a request for a hearing constitutes

a "finding" on the merits as that term is commonly understood and has been construed in the foregoing cases.[1] Instead, the majority takes a more indirect route. It begins with OAR 438-09-005(4), which provides that approval of a settlement stipulation "is a determination of all matters included within the terms" of the stipulation. The majority then reasons that, because approval of the stipulation

> " 'determines the matter,' it is the equivalent of an order the ALJ would have issued at the conclusion of the hearing and is a decision on the merits."

145 Or App at 116. I remain unpersuaded.

To begin with, OAR 438-09-005(4) provides that, "*[f]or purposes of ORS 656.289(1)-(3)*," a referee's approval of a settlement stipulation is a final determination of the matter. ORS 656.289(1) through (3) provide:

> "(1)  Upon the conclusion of any hearing, or prior thereto with concurrence of the parties, the Administrative Law Judge shall promptly and not later than 30 days after the hearing determine the matter and make an order in accordance with the Administrative Law Judge's determination.

> "(2)  A copy of the order shall be sent forthwith by mail to the Director of the Department of Consumer and Business Services and to all parties in interest.

> "(3)  The order is final unless, within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests a review by the Workers' Compensation Board under ORS 656.295. When one party requests a review by the board, the other party or parties shall have the remainder of the 30-day period and in no case less than 10 days in which to request board review in the same manner. The 10-day requirement may carry the period of time allowed for requests for board reviews beyond the 30th day. The order shall contain a statement

---

[1] The majority declares that *Curry, Kitchel, Terlouw* and *McKellups* are "inapposite," because they did not involve stipulated settlement orders. The asserted distinction, however, is beside the point, which is that the courts defined in those cases the sort of "findings" that are required to trigger an award of attorney fees under ORS 656.382(2) and did so in a manner that cannot be squared with the majority's holding in this case.

explaining the rights of the parties under this subsection and ORS 656.295."

Those provisions clearly describe the effect of the ALJ's decision and the process by which review of it may be sought. It is for that purpose that approval of a settlement stipulation is a "determination of all matters," *viz.:* with the approval of the settlement, the dispute is concluded. Neither the text of OAR 438-09-005(4) itself nor the statutory context to which it explicitly refers suggests that the "determination" involves "findings" on the merits as to any issue.

To the contrary, approval of a settlement or stipulation by an ALJ, the Board or the courts generally involves no more than a determination that the disposition is "reasonable." ORS 656.236(1)(a), for example, provides that the parties to a claim "may make such disposition of any or all matters regarding a claim," except for medical services, and that the proposed disposition shall be approved as long as it is not "unreasonable as a matter of law" or was not procured by "intentional misrepresentation of material fact." Similarly, ORS 656.289(4)(a) provides that, when there is a dispute over compensability, the parties may, with the approval of the ALJ, the Board or the court, "by agreement make such disposition of the claim as is considered reasonable." The majority cites no rule or statute that calls for a different level of review of the stipulation in this case. In my view, merely reviewing for reasonableness is not "the equivalent of an order the ALJ would have issued at the conclusion of the hearing," 145 Or App at 116, nor does it in any way suggest what the ALJ in this case would have found had he decided the issues before him on the evidence presented.

The majority insists that the approval of the stipulated settlement is sufficient, because Board decisions reveal that the Board itself considers the approval of such stipulations as having the effect of ending the dispute. 145 Or App at 117-18. That the Board considers settled claims to be at an end comes as no surprise; that is precisely what ORS 656.289(3) says. It simply does not follow, however, that merely because a stipulation terminates a controversy and results in an award of compensation it also constitutes a "finding" on the merits as to any issue.

Aside from that, the rule itself does not support the majority's conclusion in this case. OAR 438-09-005(4) provides that the approval of a stipulated settlement is a final determination only as to "matters included within the terms of the settlement stipulation." In this case, the only "matter" that was the subject to the stipulation was that employer withdrew her request for a hearing and, as a consequence of the withdrawal, chose not to contest SAIF's acceptance of the claim. At oral argument, counsel for claimant conceded that the language in the settlement stipulation accepting responsibility did no more than state the legal effect of withdrawing the request for a hearing. There was, in other words, no final determination on the merits as to any disputed matter, even assuming the rule has the effect the majority proposes.

In my view, there has been no "finding" within the meaning of ORS 656.382(2) that the compensation awarded to claimant should not be disallowed or reduced. There is, therefore, no basis for awarding claimant attorney fees under that statute, and from the majority's contrary conclusion I respectfully dissent.