Argued and submitted October 24, 1990, affirmed April 17, 1991

In the Matter of the Non-complying Status of
Gary-Adams-Trucking.

### Ralph B. WISE,
*Petitioner,*

*v.*

## GARY-ADAMS-TRUCKING
and SAIF Corporation,
*Respondents.*

(WCB 89-11090; CA A62765)

809 P2d 715

James L. Edmunson, Eugene, argued the cause and filed the brief for petitioner.

Denise S. Frisbee and Bryant, Emerson & Fitch, Redmond, filed the brief for respondent Gary-Adams-Trucking.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a final order of the Director of the Department of Insurance and Finance, issued pursuant to ORS 656.740(3), dismissing employer's request for review of the Director's proposed order that employer is a non-complying employer. Claimant contends that the Director erred by denying him attorney fees. We affirm.

Claimant was injured while working for employer. The Director issued a proposed order holding that employer had not complied with the workers' compensation laws. ORS 656.740(1). Employer requested review, ORS 656.740(3), and a hearing was set, but neither employer nor his counsel appeared. Claimant appeared with his attorney and was examined by counsel for the Director. Employer's counsel sent a letter the next day to the referee apologizing for not appearing and stating that employer's request for hearing had been withdrawn. The referee issued an order dismissing the request for review, which became a final order of the Director. ORS 656.740(3). Claimant requested attorney fees pursuant to ORS 656.382(2). The referee denied the request.

We express no opinion about whether ORS 656.382(2) authorizes attorney fees for a claimant for participation in a hearing regarding a noncomplying employer pursuant to ORS 656.740(3). The Director did not make a decision on the merits, so there is no predicate for an award of attorney fees under ORS 656.382(2), even if that statute otherwise authorizes them. *Terlouw v. Jesuit Seminary,* 101 Or App 493, 790 P2d 1215, *rev den* 310 Or 282 (1990); *Liberty Northwest Ins. Corp. v. McKellips,* 100 Or App 549, 786 P2d 1321 (1990); *Agripac, Inc. v. Kitchel,* 73 Or App 132, 698 P2d 69 (1985).

Affirmed.