Argued and submitted January 15; decision of Court of Appeals reversed, order of Workers' Compensation Board reversed, and case remanded to Workers' Compensation Board for further proceedings July 16, 2020

In the Matter of the Compensation of
Danny E. Arvidson, Claimant.

Danny E. ARVIDSON,
*Petitioner on Review,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Beall Transport Equipment,
*Respondents on Review.*

(WCB 1605828) (CA A166091) (SC S066746)

467 P3d 741

Claimant was awarded permanent total disability. Insurer requested a hearing before an administrative law judge (ALJ) to review the compensation award. Claimant moved to dismiss the hearing request as untimely and requested an assessed attorney fee pursuant to ORS 656.382(2). The ALJ granted claimant's motion to dismiss, finding that insurer's request for hearing was time-barred, and awarded claimant attorney fees under ORS 656.382(2). The Workers' Compensation Board affirmed the ALJ's dismissal of the hearing request, but it reversed the attorney fee award. The Court of Appeals affirmed without a written opinion. *Held*: The ALJ's dismissal of insurer's request for hearing as untimely entitled claimant to attorney fees under ORS 656.382(2).

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Workers' Compensation Board for further proceedings.

En Banc

On review from the Court of Appeals.*

Julene M. Quinn, Portland, argued the cause and filed the briefs for petitioner on review.

Christo de Villiers, Portland, argued the cause and filed the brief for respondents on review.

Theodore P. Heus, Preston Bunnell, LLP, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

_____

* Judicial review from a final order of the Workers' Compensation Board. 297 Or App 192, 440 P3d 685 (2019).

GARRETT, J.

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Workers' Compensation Board for further proceedings.

## GARRETT, J.

This workers' compensation case concerns the availability of attorney fees under ORS 656.382(2). After claimant received an award of permanent total disability, insurer Liberty Northwest Insurance Corporation (insurer) requested a hearing before an administrative law judge (ALJ) to review the award. The ALJ dismissed insurer's hearing request as time-barred. The question on review is whether that dismissal entitled claimant to attorney fees under ORS 656.382(2), which provides that, if an insurer initiates review of a compensation award and the reviewing body "finds that *** all or part of the compensation awarded *** should not be reduced or disallowed," the insurer shall pay the claimant's attorney a "reasonable attorney fee." The ALJ determined that the statute applied to the dismissal of insurer's claim and awarded fees to claimant. The Workers' Compensation Board (board) reached a different conclusion and reversed that decision. The Court of Appeals affirmed without opinion. We allowed review and now reverse.

## I.  LEGAL BACKGROUND

"In workers' compensation cases, an award of attorney fees can be made only pursuant to statutory authorization." *SAIF v. Allen*, 320 Or 192, 200, 881 P2d 773 (1994). One statute that authorizes attorney fees is ORS 656.382(2).[1] It provides, in part:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that *** all or part of the compensation awarded by a reconsideration order issued under ORS 656.268 should

---

[1] ORS 656.382(2) has been amended twice since claimant was injured. *See* Or Laws 2015, ch 521, § 5; Or Laws 2009, ch 526, § 3. However, because the order at issue here was issued after those amendments became effective, they apply here. *See* Or Laws 2015, ch 521, § 11 ("[T]he amendments to *** [ORS] 656.382 *** by sections 1 to 8 of this 2015 Act apply to orders issued and attorney fees incurred on or after the effective date of this 2015 Act, regardless of the date on which the claim was filed."); Or Laws 2009, ch 526, § 6 ("Regardless of the date of injury, the amendments to *** [ORS] 656.382 *** by section[ ] *** 5 of this 2009 Act apply to all claims for which an order is issued on or after the effective date of this 2009 Act."). Thus, unless otherwise noted, we refer to the current version of the statute in this opinion.

> not be reduced or disallowed, the employer or insurer shall be required to pay to the attorney of the claimant a reasonable attorney fee *** for legal representation by an attorney for the claimant at and prior to the hearing ***."

ORS 656.382(2). Thus, "[o]n its face, ORS 656.382(2) imposes three requirements for an award of attorney fees: (1) a claimant must have received an award of benefits; (2) an employer or insurer must have initiated one of the listed forms of requests for review; and (3) one of the listed tribunals must have concluded that the award of compensation should not be disallowed or reduced." *SAIF v. DeLeon*, 352 Or 130, 133-34, 282 P3d 800 (2012) (footnote omitted).

This case concerns the meaning of the third statutory predicate, which this court has construed twice before. First, in *James v. SAIF*, 290 Or 849, 851, 626 P2d 881 (1981), the insurer sought review of a Court of Appeals decision affirming the claimant's compensation award. This court allowed review and remanded to the Court of Appeals with instructions to make a finding regarding the causation of the claimant's condition. *Id.* The claimant then petitioned this court for attorney fees, arguing that she was entitled to fees under ORS 656.382(2) (1979). *Id.* In a three-paragraph per curiam opinion, we disagreed, stating that, even assuming other statutory conditions were met, in remanding to the Court of Appeals, "this court did not find 'that the compensation awarded to *** claimant should not be disallowed or reduced ***.' We did not decide either of those issues but remanded the case." *Id.* (quoting ORS 656.382(2) (1979) (ellipses in *James*)).

Subsequently, in *SAIF v. Curry*, 297 Or 504, 507, 686 P2d 363 (1984), the insurer unsuccessfully sought this court's review of a Court of Appeals decision affirming the board's determination that the claimant was permanently and totally disabled. After we denied review, the claimant petitioned for attorney fees under ORS 656.382(2) (1983). *Id.* at 507. The insurer opposed that fee petition, arguing that, in denying a petition for review, we did not find that the compensation awarded should not be disallowed or reduced and, therefore, we lacked authority to award fees to the claimant. *Id.* at 508. As discussed in greater detail below, 366 Or at 706-07, we agreed with the insurer, concluding

that ORS 656.382(2) (1983) did not allow attorney fees to be awarded when we deny an insurer's petition for review. *Curry*, 297 Or at 511.

Shortly after *Curry*, the Court of Appeals considered whether its dismissal of an insurer's petition for judicial review triggered the attorney fee provision. *Agripac, Inc. v. Kitchel*, 73 Or App 132, 134, 698 P2d 69 (1985). The Court of Appeals held that, "when an employer or insurer's petition for judicial review is dismissed without a finding that the compensation awarded to a claimant should not be disallowed or reduced, the claimant is not entitled to an award of attorney fees." *Id.* at 135 (internal quotation marks omitted). In reaching that decision, the court reasoned that it was "unable to find any meaningful distinction between the issue [presented] and [the issue] in *Curry*." *Id.*

With that background in mind, we turn to the facts of this case.

## II.   FACTS

Claimant sustained a compensable injury to both of his shoulders. In June 2016, insurer issued a Notice of Closure, awarding claimant 91 percent unscheduled permanent partial disability. Claimant sought reconsideration of that Notice of Closure, and, in a subsequent order dated November 21, 2016, the Appellate Review Unit (ARU) of the Department of Consumer and Business Services awarded him permanent total disability.

On December 27, 2016, the board received the insurer's request for a hearing before an ALJ to review the ARU's compensation award. Claimant moved to dismiss that hearing request as untimely under ORS 656.268(6)(g) and ORS 656.319(4),[2] which require that a request for hearing be filed within 30 days after the copies of the reconsideration order are mailed to the parties. Claimant also requested an assessed attorney fee pursuant to ORS 656.382(2).[3]

---

[2] Both ORS 656.268 and ORS 656.319 have been amended since claimant was injured; however, because those amendments do not affect our analysis, we refer to the current version of those statutes in this opinion.

[3] An "assessed fee" "means an attorney fee paid to a claimant's attorney by an insurer or self-insured employer in addition to compensation paid to a claimant." OAR 438-015-0005(2) (June 1, 2020).

Following a hearing limited to the issue of timeliness, the ALJ issued an Order and Opinion granting claimant's motion to dismiss and awarding him attorney fees. First, the ALJ found that "insurer failed to request a hearing within 30 days of the date of mailing of the Order on Reconsideration," as required by ORS 656.268(6)(g) and ORS 656.319(4). "Consequently, the Order on Reconsideration [was] final by operation of law, and the insurer's request for hearing [was] dismissed." As to attorney fees, the ALJ explained that ORS 656.382(2)

> "does not distinguish between a hearing on the merits and a dismissal based on an untimely request for hearing. The only requirements are that the insurer initiate a request [for] a hearing and that claimant's compensation is neither reduced nor disallowed. Since the insurer initiated a request for hearing and claimant's compensation has not been reduced or disallowed, I conclude that claimant is entitled to an assessed attorney fee in this case."

Insurer then appealed to the board. The board affirmed the ALJ's dismissal of the hearing request, but it reversed the attorney fee award. *Danny E. Arvidson*, 69 Van Natta 1434 (2017). In doing so, the board relied on its reasoning in *Timothy L. Williams*, 46 Van Natta 2274 (1994), which, in turn, had relied on the Court of Appeals decision in *Agripac, Inc.*, 73 Or App 132. *See Williams*, 46 Van Natta at 2276 (*Agripac, Inc.* "supports the proposition that, when a request for [b]oard review is dismissed without a decision on the merits, we are without authority to award attorney fees under ORS 656.382(2)"). The board explained that, under *Williams*, "to constitute a finding that the compensation awarded to the claimant should not be disallowed or reduced for purposes of [ORS 656.382(2)], such a finding must be made on the merits of the claim." *Arvidson*, 69 Van Natta at 1435 (internal quotation marks omitted).

The board then explained that, because the insurer's hearing request was dismissed as untimely, "no finding was made on the merits [of] claimant's compensation award[]," and claimant therefore was "not entitled to an attorney fee under ORS 656.382(2)." *Id.* at 1436.

Claimant petitioned for judicial review, and the Court of Appeals affirmed without opinion. *Arvidson v.*

*Liberty Northwest Ins. Corp.*, 297 Or App 192, 440 P3d 685 (2019).

Claimant sought review, which we allowed.

### III.   DISCUSSION

As noted earlier, the dispute below concerned two issues: first, whether insurer's request for hearing was untimely, and second, if it was, whether claimant was entitled to attorney fees under ORS 656.382(2) for successfully obtaining the dismissal of insurer's request. On review, the first issue is not before us. The only question presented to this court is whether the dismissal of insurer's request on timeliness grounds falls within the statutory phrase "finds that *** all or part of the compensation awarded *** should not be reduced or disallowed" in ORS 656.382(2). Put another way, the question is whether the board was correct in holding that such a dismissal does not qualify for fees because it is not a decision "on the merits." We interpret the board's use of the phrase "on the merits" to refer to a decision that deals with the facts and substantive law underlying the compensation award, as opposed to a decision resolving the matter on a purely procedural ground.

The parties' arguments on review turn on the meaning of the word "finds" and on the import of *Curry*. Claimant and *amicus curiae* Oregon Trial Lawyers Association argue that the attorney fee provision applies to a dismissal on timeliness grounds. They contend that the term "finds" means "to issue a decision." And, because nothing in ORS 656.382(2) indicates that the reasons for such a decision are pertinent, they argue, the board erred in concluding that a finding "on the merits" is required. Moreover, according to claimant, *Curry* does not compel a different result, but if it does, then claimant urges us to reconsider that decision.

Insurer argues that the board correctly interpreted ORS 656.382(2) to require a finding on the merits of the compensation award.[4] Relying heavily on *Curry*, insurer reasons that a dismissal on timeliness grounds is merely a

---

[4] Insurer also argues that, because its request for a hearing was not timely, it did not "initiate" a request for a hearing as required by ORS 656.382(2). That argument was not preserved below, and we do not reach that issue.

determination of a procedural issue, not a finding about the compensation award.

## A.   *Standard of Review*

The ultimate issue is how to construe ORS 656.382(2). A threshold determination, however, is whether the board's construction is entitled to deference on review. "Whether the agency's construction is entitled to such deference depends on whether the disputed term is exact, inexact, or delegative." *DCBS v. Muliro*, 359 Or 736, 742, 380 P3d 270 (2016).

Exact terms "impart relatively precise meaning[s]," and "[t]heir applicability in any particular case depends upon agency factfinding." *Springfield Education Assn. v. School District*, 290 Or 217, 223-24, 621 P2d 547 (1980). Inexact terms "are less precise" and are "open to various interpretations," but they "embody a complete expression of legislative meaning." *Coast Security Mortgage Corp. v. Real Estate Agency*, 331 Or 348, 354, 15 P3d 29 (2000). Finally, delegative terms "express incomplete legislative meaning that the agency is authorized to complete." *Id*. "The legislature may use general delegative terms because it cannot foresee all the situations to which the legislation is to be applied and deems it operationally preferable to give to an agency the authority, responsibility and discretion for refining and executing generally expressed legislative policy." *Springfield Education Assn.*, 290 Or at 228. Thus, we will review an agency's construction of a delegative term deferentially "as long as the agency's determination remains within the range of discretion allowed by the general policy of the statute." *See OR-OSHA v. CBI Services, Inc.*, 356 Or 577, 591, 341 P3d 701 (2014) (illustrating rule) (internal quotation marks omitted).

"Whether legislation is exact, inexact, or delegative is itself a question of statutory construction, requiring us to examine the text of the statute in its context." *Muliro*, 359 Or at 742. Both parties on review proceed on the implicit assumption that the phrase "finds that *** all or part of the compensation awarded *** should not be reduced or disallowed" is an inexact term. For the reasons that follow, we agree that the phrase is an inexact term.

The phrase at issue appears within the Workers' Compensation Law, a broad statutory scheme that governs Oregon's workers' compensation system. *See* ORS 656.001 - 656.990. The board is one of two agencies that administer the workers' compensation system. Among other things, the board is "charged with reviewing appealed orders of Administrative Law Judges in controversies concerning a claim," ORS 656.726(2), and has the authority to award attorney fees, ORS 656.388(1).[5] However, the statute at issue here, ORS 656.382(2), specifically requires an award of attorney fees, in an amount set by the board, if a "request for hearing *** is initiated by an employer or insurer," and the reviewing body "finds that *** all or part of the compensation awarded *** should not be reduced or disallowed." The mandatory nature of that provision reflects a complete policy statement that a claimant must receive attorney fees when a specified condition is met.

Nonetheless, the phrase is not so precise that no interpretation is needed. Although the statute reflects a complete policy judgment that a claimant shall receive attorney fees if a reviewing body "finds" that the compensation award should not be reduced or disallowed, the meaning of "finds" in this context is not self-evident, as discussed further below. Accordingly, we conclude that the phrase is an inexact term, and we review the board's interpretation for consistency with legislative intent. *See Springfield Education Assn.*, 290 Or at 227. We do that by applying the ordinary method of statutory construction. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (explaining that we discern the meaning of a statute by looking at the text, context, and any helpful legislative history).

B.   *The Development of ORS 656.382(2) and the Modern Workers' Compensation System*

ORS 656.382(2) was enacted in 1965 as part of a "sweeping revision of the statutes pertaining to workers' compensation." *Bracke v. Baza'r*, 294 Or 483, 487, 658 P2d 1158 (1983). "Prior to the 1965 wholesale revision of the laws

---

[5] Both ORS 656.726 and ORS 656.388 have been amended since claimant was injured; however, because those amendments do not affect our analysis, we refer to the current version of those statutes in this opinion.

relating to workers' compensation, the statutory provisions for attorney fees were sparse \*\*\*." *Id.* at 486. However, in 1945, the legislature amended OCLA § 102-1774 to allow a claimant's attorney to recover an assessed attorney fee award (*i.e.*, a fee award that is paid by the insurer and is not deducted from the claimant's compensation award). *Id.*; Or Laws 1945, ch 303, § 1. That provision specifically allowed for a fee when "this court affirmed a circuit court judgment on an appeal to this court by" the State Industrial Accident Commission (SIAC).[6] *Bracke*, 294 Or at 486.

In 1953, the Oregon Revised Statutes replaced the Oregon Compiled Laws Annotated. *Walter v. Scherzinger*, 339 Or 408, 417 n 8, 121 P3d 644 (2005) (so stating). As part of that conversion, the portion of OCLA § 102-1774 that provided for an assessed attorney fee became *former* ORS 656.292 (1953), *renumbered as* ORS 656.301 (1965), and provided:

"(1)   Appeals may be taken from the judgment of the circuit court as in other cases.

"(2)   In case of an appeal by [SIAC] from an adverse decision of the circuit court, if the judgment of the circuit court is affirmed, the claimant shall be allowed attorneys' fees, to be fixed by the court, in addition to the compensation."

In 1965, as part of the "wholesale revision" of the workers' compensation system,

"SIAC was abolished, and employers or the State Compensation Department (SCD) became responsible for the payments of benefits to injured workers. The adjudication of disputes between claimants and those responsible for payment of benefits was given in the first instance to the newly created Workers' Compensation Board ([b]oard). \*\*\* Any party could request review by the [b]oard itself. Thereafter, any party could appeal to [the] circuit court, and any party disappointed there could appeal to this court."

*Bracke*, 294 Or at 486-87.

---

[6]   At that time, SIAC was the entity that administered the workers' compensation system, and it functioned as "both the insurer and the body that initially adjudicated disputes between itself and claimants." *Bracke*, 294 Or at 486.

As for *former* ORS 656.292 (1953), the 1965 revisions retained the provision for an assessed fee, but the section was amended to reflect employers' and SCD's new role in the workers' compensation system. *See* Or Laws 1965, ch 285, § 38. In addition, the section was amended to explicitly state that the scope of review in the appellate court—then, the Oregon Supreme Court—was the same as the scope of review in the circuit court. *See id.* Finally, *former* ORS 656.292 (1953) was renumbered to *former* ORS 656.301 (1965), *repealed by* Or Laws 1977, ch 804, § 55. Thus, as amended, *former* ORS 656.301 (1965) provided:

"(1)  Appeals may be taken from the judgment of the circuit court, the scope of review to be the same as that of the circuit court.

"(2)  In case of an appeal by the department or employer from an adverse decision of the circuit court, if the judgment of the circuit court is affirmed, the claimant shall be allowed attorneys' fees to be fixed by the court and to be paid by the party initiating the appeal, in addition to the compensation."

Although the 1965 revisions retained the assessed fee for appeals from the circuit court in *former* ORS 656.292 (1953), the legislature also weighed concerns about fees that claimants might incur at earlier stages of disputes. *Bracke*, 294 Or at 487 (noting concern that "the adversarial position of the employer or SCD, on the one hand, and the claimant, on the other, might result in the former pursuing appeals at each level for the purpose of wearing down or harassing claimants"). "The answer was to provide that where the employer or SCD initiated 'a request for hearing, request for review or court appeal' and the claimant successfully defended his award, the employer or SCD, as the case might be, would become liable for reasonable attorney fees in addition to the award of benefits." *Id.* "That section became ORS 656.382(2) [(1965)]," *id.*, and, as enacted, provided:

"If a request for hearing, request for review or court appeal is initiated by an employer or the department, and the hearing officer, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or department shall be required to pay to the claimant or his attorney a reasonable attorney's

fee in an amount set by the hearing officer, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

Thus, as this court stated in *Bracke*, the situation "immediately after the 1965 revision was that a claimant who *successfully defended his award upon attack* by the employer or SCD was entitled to attorney fees in addition to compensation at every level of scrutiny by virtue of either ORS 656.382(2) [(1965)] or [*former* ORS] 656.301 [(1965)]." *Bracke*, 294 Or at 488 (emphasis added). The judicial review process proceeded first with an appeal to the circuit court, ORS 656.298(1) (1965), *amended by* Or Laws 1977, ch 804, § 11; Or Laws 1987, ch 884, § 12a; Or Laws 1997, ch 389, § 1; Or Laws 2005, ch 188, § 3; Or Laws 2007, ch 17, § 1, and then with an appeal to the Supreme Court, *former* ORS 656.301 (1965). Moreover, review in the Supreme Court and in the circuit court was *de novo*—meaning that courts tried the case anew upon the record and had the authority to make one or more factual findings anew upon the record. *See* ORS 656.298(6) (1965); *former* ORS 656.301(1) (1965).

In 1969, however, the legislature created the Court of Appeals. *Bracke*, 294 Or at 488. That changed the judicial review process for workers' compensation cases by giving the Court of Appeals, rather than this court, direct appellate jurisdiction of circuit court judgments. *Id.* "After creation of the Court of Appeals * * *, cases reached [the Supreme Court] from that court only on petition for discretionary review under *ORS 2.520*, [not *former* ORS 656.301(1) (1965)]." *Bracke*, 294 Or at 489 (emphasis added). But *former* ORS 656.301 (1965) was not correspondingly amended to reflect the changed process for judicial review; as a result, for some time, this court "continued, under the terms of [*former*] ORS 656.301 [(1965)], to review the facts as well as the law on the entire record made before the [b]oard." *Id.* That changed in 1971, in *Sahnow v. Fireman's Fund Ins. Co.*, 260 Or 564, 568-69, 491 P2d 997 (1971), when this court concluded that, because "appeals from the judgment of the circuit court * * * are now to the Court of Appeals," *former* ORS 656.301 (1965) governed appeals to the Court of Appeals and "that the scope of review in this court should not be *de novo*."

Further revisions in 1977 included the repeal of *former* ORS 656.301 (1965). Or Laws 1977, ch 804, § 55. In addition, "ORS 656.298, which had provided since 1965 for appeal to the circuit court from decisions of the [b]oard, was amended to delete reference to the circuit court and to substitute therefor the Court of Appeals." *Bracke*, 294 Or at 489. Thus, after the 1977 revisions, "the only court still mentioned in the part of the ORS chapter 656 pertaining to the procedure for obtaining compensation, ORS 656.262 to 656.330, was the Court of Appeals." *Id.*

Against that backdrop, this court in *Bracke* considered whether a claimant could recover attorney fees for opposing a petition for review in the Supreme Court. *Id.* at 485. Specifically, we addressed whether the phrase "court appeal" in ORS 656.382(2) (1982) included "discretionary review in this court," *id.* at 486, and we concluded that it did not. After reviewing much of the history set out above, we explained that, "the reference to 'court appeal' in the entirely new provision in Oregon Laws 1965, chapter 285, section 42(2), which became ORS 656.382(2) [(1965)], was [*originally*] meant to apply to the appeal to [the] circuit court." *Id.* at 488 (brackets and emphasis added). We then reasoned that *Sahnow*, "taken together with the 1977 amendment to ORS 656.298 and repeal of [*former*] ORS 656.301 [(1965)], present[ed] a strong case that the only court to which 'court appeal' in ORS 656.382(2) [(1982)] could refer is the Court of Appeals." *Bracke*, 294 Or at 489-90. Thus, we held that "there [was] no authority arising from that subsection for this court to award attorney fees in this court to the claimant who successfully defends an award upon" discretionary review in the Supreme Court. *Id.* at 490.

The legislature responded to our decision in *Bracke* by amending ORS 656.382(2) to remove "court appeal" and replace it with the phrase "appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court." Or Laws 1983, ch 568, § 1. Thus, ORS 656.382(2) (1983) provided:

"If a request for hearing, request for review, *appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court* is initiated by an employer or insurer, and the referee, board or court finds that the compensation

awarded to claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board, or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

(Emphasis added.)

C.  *Decision in* Curry

After the 1983 amendments to ORS 656.382(2), this court in *Curry* considered whether ORS 656.382(2) (1983), as amended, entitled the claimant to attorney fees spent in *opposing* a petition for review that this court denied. 297 Or at 507.

Our inquiry began by reiterating the purpose underlying ORS 656.382(2), as described in *Bracke*: "to discourage employers or their insurers from wearing down claimants with harassing and frivolous appeals" by "providing for an award of attorney fees to the claimant if an employer or insurer initiates a higher[-]level examination of the case and does not win a reduction or elimination of the claimant's award." *Id.* at 507-08. We then noted that, notwithstanding that purpose, because of "an apparent legislative oversight," the statute before 1983 did not authorize attorney fees "for work done at the Supreme Court level." *Id.* at 508 (citing *Bracke*, 294 Or at 490). Although the 1983 amendments generally changed that by adding "petition for review to the Supreme Court" to the statute, the particular question remained whether a *denial* of a petition for review fell within the phrase "*finds* that the compensation awarded to claimant should not be disallowed or reduced." *Id.* (quoting ORS 656.382(2) (1983) (emphasis in *Curry*)). Relying on our earlier decisions in *1000 Friends of Oregon v. Bd. of Co. Comm.*, 284 Or 41, 584 P2d 1371 (1978) and *U-Cart Concrete v. Farmers Ins.*, 290 Or 151, 619 P2d 882 (1980), both of which dealt with the unique nature of petitions for discretionary review in this court, we concluded that the answer was no. *Curry*, 297 Or at 508-09. We first observed "the want of significance to be attached to a denial of a petition for review," which "'carries no implication that the decision or the opinion of the Court of Appeals was correct.'"

*Id.* at 508 (quoting *1000 Friends of Oregon*, 284 Or at 44). We also relied on our reasoning in *U-Cart Concrete*, *id.* at 509, which held that a respondent to a petition for review that was denied was not a "prevailing party" for purposes of a different statute because, "[w]hen a petition for review is denied, the respondent has not prevailed on an appeal in this court. Rather, the court has chosen not to entertain an appeal." *U-Cart Concrete*, 290 Or at 154 (internal quotation marks omitted).

We thus concluded that, as a matter of a "literal reading of ORS 656.382(2) [(1983)]," a denial of a petition for review was not a "find[ing]" that the compensation award should not be reduced or disallowed. *Curry*, 297 Or at 509. We went on to consider whether that conclusion would be an "absurd or unreasonable result," and determined that, on the contrary, our construction of the statute was consistent with the legislative history of the 1983 amendment. *Id.* at 509-10 (internal quotation marks omitted).

Shortly after *Curry*, the Court of Appeals considered the impact of that decision on dismissals at the Court of Appeals level. In light of *Curry*, the court held that, "when an employer or insurer's petition for judicial review is dismissed without a finding 'that the compensation awarded to a claimant should not be disallowed or reduced,' the claimant is not entitled to an award of attorney fees." *Agripac, Inc.*, 73 Or App at 135. And, in turn, the board has relied on *Agripac, Inc.* as support for its interpretation of ORS 656.382(2)—that the statute requires a finding "on the merits."

Since *Curry*, subsection (2) of ORS 656.382 has been amended three times.[7] Or Laws 2015, ch 521, § 5; Or Laws 2009, ch 526, § 3; Or Laws 1995, ch 332, § 42b. Although the phrase "finds that the compensation awarded to a claimant should not be disallowed or reduced," has been modified slightly by the addition of the phrase "all or part of," *see* Or Laws 2015, ch 521, § 5, the legislature has largely retained the phrase without amendment. However, that phrase, as

---

[7] There have been additional amendments that have created and amended other subsections of ORS 656.382. *See* Or Laws 1990, ch 2, § 28; Or Laws 1987, ch 884, § 34.

modified in 2015, has been extended to apply when, as in this case, an insurer initiates review of "the compensation awarded by a reconsideration order issued under ORS 656.268." *See id.*; Or Laws 2009, ch 526, § 3.

D.   *Statutory Construction*

Insurer argues, relying on *Curry*, that the board correctly concluded that the word "find" in ORS 656.382(2) requires a decision "on the merits." As we explain below, we disagree with that interpretation of ORS 656.382(2); moreover, to the extent that the board and insurer view that interpretation as compelled by *Curry*, that view is mistaken.

Beginning with the statutory text, we note that ORS 656.382(2) does not expressly require that a decision be on the merits. *See Gaines*, 346 Or at 171-72 (text and context are considered at first level of analysis). The relevant phrase, again, is "finds that *** all or part of the compensation awarded *** should not be reduced or disallowed." When, as here, the legislature has not defined a word or phrase, we initially assume that the word or phrase has its "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). *Webster's Third New Int'l Dictionary* 852 (unabridged ed 2002) lists a number of different definitions of "finds," the most relevant for our purposes being: "**6 :** to arrive at (a conclusion) **:** come to (a finding) **:** determine and declare (as a verdict in a judicial proceeding) **:** agree or settle upon and deliver." (Boldface in original.)

However, "find" also can have a narrower meaning in the legal context. When the legislature uses technical terminology "drawn from a specialized trade or field," courts "look to the meaning and usage of those terms in the discipline from which the legislature borrowed them." *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 296, 337 P3d 768 (2014). When "a term is a legal one, we look to its established legal meaning as revealed by, for starters at least, legal dictionaries." *Id.* (internal quotation marks omitted). "We do not, however, interpret statutes solely on the basis of dictionary definitions. Instead, we examine word usage in context to determine which among competing definitions is the one

that the legislature more likely intended." *Muliro*, 359 Or at 746 (citation omitted).

In legal proceedings, the phrase "to find" is often, perhaps predominantly, used to refer to a specific type of determination by a tribunal: a resolution of *factual* disputes. *See Black's Law Dictionary* (10th ed) (defining "find" as "[t]o determine a fact in dispute by verdict or decision"); Bryan A. Garner, *A Dictionary of Modern Legal Usage* (2d ed 1995) (explaining the distinction between a finding and a holding, and noting that "[a] court properly makes *findings of fact* and *holdings* or *conclusions of law*" (emphases in original)); *see also State v. Cunningham*, 337 Or 528, 538, 99 P3d 271 (2004), *cert den*, 544 US 931 (2005) (explaining that "the trial court finds the facts that underlie the application of OEC 803(2)," which is distinct from the trial court's legal conclusion that a statement is or is not an excited utterance for purposes of OEC 803(2)). In general, facts are found at an initial stage of a proceeding by a trial-level tribunal charged with resolving both factual and legal issues. Except where they review cases *de novo* (*i.e.*, try the case anew upon the record or make one or more factual findings anew upon the record), appellate courts do not resolve factual disputes or make findings of facts, instead taking the facts as found by the lower tribunal. Or Const, Art VII (Amended), § 3; *Stelts v. State of Oregon*, 299 Or 252, 255, 701 P2d 1047 (1985) (trial court's "findings are binding on the Court of Appeals and this court unless the court can affirmatively say there is no evidence to support them"). Thus, appellate decisions are usually discussed in terms of what courts "held," "concluded," or "decided," not what they "found."

In short, if one construes "finds" in ORS 656.382(2) to have the particularized meaning associated with legal proceedings, that could tend to suggest that the statute allows for the award of attorney fees only when a tribunal makes a decision with respect to the underlying "facts" of the proceeding. On the other hand, if "finds" is given its ordinary meaning, that would suggest a more inclusive understanding that broadly reaches "determinations" and "declarations," including dismissals on procedural grounds.

But we consider the word "finds" in context, not in isolation. And other language in the statute suggests that the legislature did not intend that "finds" have a specialized meaning limited to the resolution of factual issues. ORS 656.382(2) is phrased broadly to cover an insurer's "request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court." But, as discussed above, 366 Or at 704, as of 1971, this court no longer has the authority to decide workers' compensation cases *de novo*. *Sahnow*, 260 Or at 569. Similarly, as of 1987, the Court of Appeals' authority to review workers' compensation cases no longer includes the authority to review the case *de novo*. Or Laws 1987, ch 884, § 12a; *see also DeLeon*, 352 Or at 137 n 3 (so stating). Thus, neither an appeal to the Court of Appeals nor a petition for review to this court ordinarily results in a "finding" of facts by either court. Given that the statute expressly contemplates review by both courts and that neither court typically issues decisions that would be characterized as "factual," it is more likely that the legislature intended "finds" to encompass determinations beyond those of a factual nature. Rather, "finds," as used in ORS 656.382(2), was intended to have its more general ordinary meaning: the act of making a decision.

That conclusion, however, does not fully answer the question, because, as a purely textual matter, it could still be true that the statute refers to the act of making a decision "on the merits," *i.e.*, applying the substantive law to the facts of the case, as opposed to resolving the case on another (procedural) ground. Textually, the word "finds" neither requires nor forecloses such a reading.

The surrounding context, however—and, specifically, our earlier decision in *Bracke*—is informative. *See Liberty Northwest Ins. Corp., Inc. v. Watkins*, 347 Or 687, 692, 227 P3d 1134 (2010) (explaining that, "[a]s part of that first level of analysis, this court considers its prior interpretations of the statute"). As early as *Bracke*, this court recognized that the legislature that enacted the 1965 revisions to the workers' compensation system was concerned about insurers pursuing harassing and frivolous appeals in order to wear down a claimant and that the "answer" was ORS 656.382(2) (1965). 294 Or at 487.

Although we did not construe the word "find" in *Bracke*, in addressing the meaning of "court appeal," we concluded that "the situation [that was] obtain[ed] immediately after the 1965 revision was that a claimant who *successfully defended his award upon attack* by the employer or SCD was entitled to attorney fees in addition to compensation at every level of scrutiny by virtue of either ORS 656.382(2) [(1965)] or [*former* ORS] 656.301 [(1965)]." *Id.* at 488 (emphasis added). Nothing in *Bracke* implied that it mattered whether the successful defense was procedural or substantive in nature.

Furthermore, in light of the long-recognized purpose underlying ORS 656.382(2), it is not apparent why the legislature would have intended for claimants to recover fees for prevailing "on the merits" but not for otherwise successfully defending against an attack on a compensation award—such as through the dismissal of an untimely request for hearing. Indeed, insurer does not advance any reason why the legislature would have intended that result.

The text, context, history, and purpose of ORS 656.382(2) thus indicate that the legislature intended that an ALJ's dismissal of an insurer's request for hearing as untimely would fall within ORS 656.382(2). There is no doubt that an insurer's request for a hearing is an "attack" on the claimant's award. *See Bracke*, 294 Or at 488. When an insurer "objects to [a] reconsideration order, the [insurer] may request a hearing under ORS 656.283." ORS 656.268 (6)(g). If the insurer requests such a hearing and the request relates to "any matter concerning a claim," ORS 656.283(1), then the "board shall refer the request for hearing to an Administrative Law Judge for determination as expeditiously as possible." ORS 656.283(3)(a).[8] At that point, the ALJ must "determine the matter" and issue an order in accordance with that determination unless the parties dispose of the issues by agreement under ORS 656.289(4). *See* ORS 656.283(3)(a) ("The board shall refer the request for hearing to an Administrative Law Judge for determination as expeditiously as possible."); ORS 656.289(1) ("Upon

_____

[8] ORS 656.283 has been amended since claimant was injured; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

the conclusion of the hearing, or prior thereto with concurrence of the parties, the Administrative Law Judge shall promptly and not later than 30 days after the hearing determine the matter and make an order in accordance with the Administrative Law Judge's determination."); *see also Erck v. Brown Oldsmobile*, 311 Or 519, 523, 815 P2d 1251 (1991) ("The referee who presides over the hearing is required to issue an order deciding the matter within 30 days of the hearing."). As such, an insurer's request for a hearing is an attack on claimant's compensation award that compels the ALJ to determine the matter; the ALJ does not have discretion to decline review of the hearing request.

Nor is there any doubt that a claimant who obtains the dismissal of a hearing request on timeliness grounds has "successfully defended" the compensation award. *See Bracke*, 294 Or at 488. An ALJ's order dismissing a hearing request as untimely expresses the ALJ's "determination" of a "matter[] in which a worker's right to receive compensation, or the amount thereof, [is] directly in issue." ORS 656.283(1); ORS 656.289(1); ORS 656.704(3)(a).[9] Here, the ALJ determined that the request for hearing was untimely and that the award therefore became "final by operation of law." Although such a determination may not express an opinion that the compensation award was properly made, it nonetheless establishes, as definitively as any ruling on the substantive merits, that the compensation award should not be "disallowed or reduced." Such a ruling brings an end to an insurer's action that otherwise would have proceeded as of right. In other words, a finding (or decision) that the insurer's hearing request may not proceed is, of necessity, a finding (or decision) that the claimant's compensation award should not be reduced or disallowed.

In urging a different result, insurer does not make arguments specifically based on the text, context, or legislative history of ORS 656.382(2).[10] Rather, insurer's argument

---

[9] ORS 656.704 has been amended since claimant was injured; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

[10] Insurer argues that the board's contrary understanding has been implicitly ratified by the legislature because, although the legislature has made other changes to ORS 656.382(2) since *Curry*, it has never amended the phrase

on review—and the view that the board has adopted—is that our opinion in *Curry* stands for the rule that a decision must be "on the merits" in order to fall within the statute. But that argument overstates *Curry*'s holding.

     In *Curry*, this court reiterated the purpose underlying ORS 656.382(2), as described in *Bracke*: "to discourage employers or their insurers from wearing down claimants with harassing and frivolous appeals" by "providing for an award of attorney fees to the claimant if an employer or insurer initiates a higher[-]level examination of the case and does not win a reduction or elimination of the claimant's award." *Id.* at 507-08. In concluding that a denial of a petition for review did not fall within the statute, *Curry* did not say that a decision must be "on the merits"; that phrase was never used. As explained above, *Curry* turned on the unique circumstances of a petition for review to this court. It is true that a denial of a petition for review is not a decision on the substantive merits of the case. But that is not precisely what distinguishes petitions for review from any number of other types of rulings that courts issue. The distinguishing characteristic of a petition for review is that the resulting action does not determine *anything* about the underlying case, other than to create the possibility, if the petition is allowed, of another determination in the future. *See U-Cart Concrete*, 290 Or at 154 (explaining that a petition for review calls upon this court to *decide whether* to "entertain an 'appeal'").[11]

_____

"finds that the compensation awarded to a claimant should not be disallowed or reduced." However, as this court has consistently explained, "[l]egislative inaction in response to a judicial interpretation of a statute does not amount to an endorsement of the court's interpretation." *DeLeon*, 352 Or at 141; *see also Farmers Ins. Co. v. Mowry*, 350 Or 686, 696, 261 P3d 1 (2011) (explaining that "the legislature may decline to address a judicial decision for any number of reasons, none of which necessarily constitutes an endorsement of the decision's reasoning or result").

     [11]  In the context of a different statute, we have also concluded that the denial of a petition for review results in a claimant's "finally prevail[ing]" against the denial of a claim. *Shearer's Foods v. Hoffnagle*, 363 Or 147, 154-55, 420 P3d 625 (2018) ("The legislature intended the authorization in ORS 656.386(1)(a) of a fee to a claimant who '*finally prevails against*' the denial of a claim in a 'petition for review to the Supreme Court,' to include a claimant who finally prevails against the denial when this court denies the employer's petition for review." (Emphasis added.)).

Put in the terms of ORS 656.382(2) and the language of *Bracke*, which we cited with approval in *Curry*, the conclusion that a denial of a petition for review does not amount to a "find[ing]" about the compensation award reflects the reality that, merely by petitioning this court to exercise its discretion to review the case, the insurer has not "initiated" a "higher-level examination" of the compensation award itself; rather, the insurer is at a threshold that it must pass in order to cause that "higher-level examination." Thus, the only thing that the denial of a petition for review decides about the case is that the Supreme Court will not make a decision about the case. In contrast, when an insurer initiates a request for review by an ALJ, the dismissal of that request as untimely is a decision about the case itself; it brings a close to an action that otherwise would have proceeded as of right, and thereby establishes that the compensation award will not be altered.

In sum, *Curry* does not require a different conclusion in this case than the one at which we arrive after considering the text, context, and legislative history of ORS 656.382(2), *i.e.*, that the ALJ correctly determined that his dismissal of insurer's request for hearing entitled claimant to attorney fees. The board erred in concluding otherwise.

## IV.   CONCLUSION

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Workers' Compensation Board for further proceedings.