Argued and submitted December 2, 2019, reversed and remanded
September 15, 2021

In the Matter of the Compensation of
Mekayla N. Dancingbear, Claimant.
Mekayla N. DANCINGBEAR,
*Petitioner,*

*v.*

SAIF CORPORATION
and Alternative Services Oregon,
*Respondents.*

Workers' Compensation Board
1604039; A167743

500 P3d 22

Claimant's attorney established in a reconsideration proceeding under ORS 656.268 that claimant was entitled to more temporary disability benefits than SAIF Corporation, employer's insurer, had provided for when it closed her claim. An administrative law judge (ALJ) concluded that, because claimant's attorney had been "instrumental in obtaining temporary disability compensation benefits pursuant to [ORS] 656.268 *** prior to a decision by an [ALJ]," ORS 656.383(1), that attorney was entitled to an assessed fee. The Workers' Compensation Board reversed the ALJ's order, concluding that, in light of ORS 656.268(6)(c)'s provision for an "out of compensation" attorney fee award in reconsideration proceedings, the assessed-fee provision under ORS 656.383(1) did not apply. Claimant seeks judicial review, contending that the board misinterpreted ORS 656.383(1) when it held that that provision does not entitle a claimant's attorney to assessed fees when the attorney obtains additional temporary disability compensation benefits for a claimant through reconsideration proceedings under ORS 656.268. *Held*: ORS 656.383(1) entitles claimants' attorneys to fees after they obtain temporary disability benefits for claimants in proceedings on reconsideration pursuant to ORS 656.268.

Reversed and remanded.

Christopher D. Moore argued the cause and filed the briefs for petitioner.

Allison B. Lesh argued the cause for respondents. Julie Masters filed the briefs for respondents.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Reversed and remanded.

## DeHOOG, J.

Under the Workers' Compensation Law, a claimant's attorney is entitled to "a reasonable assessed attorney fee if," among other things, the claimant's attorney "is instrumental in obtaining temporary disability compensation benefits pursuant to" various statutes "prior to a decision by an Administrative Law Judge[.]" ORS 656.383(1). Among the statutes that ORS 656.383(1) expressly references is ORS 656.268, which governs claim closure and, as relevant here, requests for reconsideration of an employer's or insurer's notice of closure. In this case, claimant's attorney established in a reconsideration proceeding under ORS 656.268 that claimant was entitled to more temporary disability benefits than SAIF Corporation, employer's insurer, had provided for when it closed her claim. An administrative law judge (ALJ) concluded that, because claimant's attorney had been "instrumental in obtaining temporary disability compensation benefits pursuant to [ORS] 656.268 *** prior to a decision by an [ALJ]," ORS 656.383(1), that attorney was entitled to an assessed fee. The Workers' Compensation Board reversed the ALJ's order, concluding that, in light of ORS 656.268(6)(c)'s provision for an "out of compensation" attorney fee award in reconsideration proceedings, the assessed-fee provision under ORS 656.383(1) did not apply.

Claimant seeks judicial review, contending that the board misinterpreted ORS 656.383(1) when it held that that provision does not entitle a claimant's attorney to assessed fees when the attorney obtains additional temporary disability compensation benefits for a claimant through reconsideration proceedings under ORS 656.268. SAIF and claimant's employer, Alternative Services Oregon (jointly, SAIF), respond that claimant failed to preserve the error, because she failed to request fees in the reconsideration proceeding; that the board correctly interpreted ORS 656.383(1); and that, in any event, claimant's attorney did not actually "obtain" temporary disability compensation benefits for claimant, because the benefits were suspended under ORS 656.268 after claimant failed to attend a medical arbiter examination. In a cross-assignment of error, SAIF argues

that the ALJ and the board lacked jurisdiction over this dispute.

We reject SAIF's preservation and jurisdictional arguments without discussion. As explained below, we conclude that the board erred in concluding that ORS 656.383(1) does not entitle claimant's attorney to fees after he obtained temporary disability benefits for claimant in reconsideration proceedings under ORS 656.268. We remand for the board to consider SAIF's contention that claimant's attorney failed to "obtain" benefits for claimant because, although his efforts yielded an additional award of benefits in the reconsideration order, those benefits were suspended because claimant failed to attend a medical evaluation. We reverse and remand.

Before setting out the facts, we provide some necessary legal background. Claimants' attorneys in the workers' compensation system are prohibited from taking payment directly from their clients; the only fees available to claimants' attorneys are the fees provided by statutes and rules. *Arvidson v. Liberty Northwest Ins. Corp.*, 366 Or 693, 695, 467 P3d 741 (2020); *see also* OAR 438-015-0015 (prohibiting charges for legal services for representation of claimants unless the charge is authorized by statute or rule). The workers' compensation statutes provide for two types of attorney-fee awards for claimants' attorneys. The first type, an out-of-compensation fee, is an attorney fee that is paid from the total amount of compensation awarded to the claimant; it is deducted from the claimant's benefits.[1] An out-of-compensation fee is set as a percentage of the benefits that the attorney obtains for the claimant, usually with a cap on the amount of the fee. *See, e.g.*, ORS 656.268(6)(c) ("In any reconsideration proceeding under this section in which the worker was represented by an attorney, the director shall order the insurer or self-insured employer to pay to the attorney, out of the additional compensation awarded, an amount equal to 10 percent of any additional compensation awarded to the worker.").

---

[1] In its rules, the board refers to an out-of-compensation fee as an approved fee. OAR 438-015-0005(1) ("'Approved fee' means an attorney fee paid out of a claimant's compensation.").

The second type of fee, an assessed fee, is a fee assessed directly against the insurer or self-insured employer in addition to the total amount of compensation awarded to the claimant. OAR 438-015-0005(2) ("'Assessed fee' means an attorney fee paid to a claimant's attorney by an insurer or self-insured employer in addition to compensation paid to a claimant."). The forum in which the fee is awarded sets the assessed fee; statutes require that the amount be "reasonable," and the forum must consider a variety of factors in deciding on a reasonable fee. *See, e.g.*, ORS 656.383(1) (providing for "a reasonable assessed attorney fee" under certain circumstances); OAR 438-015-0010(4) (listing factors to be considered in determining a reasonable fee). The fee provided in ORS 656.383(1) is an assessed fee.

With that context in mind, we turn to the facts, which are procedural and undisputed. As the board explained:

"Claimant was compensably injured on October 17, 2015. A Notice of Closure issued on March 9, 2016. Claimant requested reconsideration and the appointment of a medical arbiter. She did not attend the arbiter examination.

"On August 23, 2016, an Order on Reconsideration modified claimant's medically stationary date and awarded two weeks of additional temporary disability benefits. The reconsideration order also suspended claimant's benefits under ORS 656.268(8)(e)(B) and (D), because she did not attend the arbiter examination.

"Claimant requested a hearing from the reconsideration order. She sought an assessed attorney fee under ORS 656.383(1) for obtaining increased temporary disability benefits prior to an ALJ's decision."

(Citations omitted.)

The ALJ agreed with claimant that her attorney had been "instrumental in obtaining temporary disability compensation benefits pursuant to [ORS] 656.268 prior to a decision by an [ALJ]." ORS 656.383(1). Thus, the ALJ awarded an assessed fee for claimant's attorney's representation of claimant in the reconsideration proceeding.

The board disagreed. It noted that ORS 656.268(6)(c) provides for an out-of-compensation fee for a claimant's

attorney in reconsideration proceedings under ORS 656.268.[2] Based on the availability of that fee, the board reasoned that the legislature could not have intended to also provide for an assessed fee under ORS 656.383(1), even if the attorney is "instrumental in obtaining temporary disability compensation benefits pursuant to [ORS] 656.268 * * * prior to a decision by an [ALJ]."

The board also reasoned that, by using the word "obtain" in ORS 656.383(1), the legislature indicated an intention to provide an assessed fee only for temporary disability benefits obtained by settlement—not benefits obtained by an order on reconsideration. The board further understood the provision to limit the time period during which the benefits were obtained to the time period between an order on reconsideration and a decision by the ALJ.

In light of that reasoning, the board reversed the ALJ's order, concluding that claimant's attorney was not entitled to an assessed fee for services provided to obtain an increase in temporary disability benefit in the reconsideration proceeding. The board did not reach the question of whether claimant's failure to attend the arbiter examination and consequent suspension of benefits affected her attorney's right to an assessed fee under ORS 656.383(1).

Claimant seeks judicial review. She contends that the board incorrectly interpreted ORS 656.383(1), because the statutory text unambiguously provides for an assessed fee for services provided by a claimant's attorney in obtaining increased temporary disability compensation on reconsideration under ORS 656.268. SAIF responds that the board correctly interpreted the statute and, alternatively, that the fact that claimant's benefits were suspended means that her attorney did not "obtain" any benefits for her on reconsideration.

We review the board's interpretation of a statute for errors of law. *See Caren v. Providence Health System*, 365 Or

---

[2] ORS 656.268(6)(c), which we discuss further below, provides as follows:

"In any reconsideration proceeding under this section in which the worker was represented by an attorney, the director shall order the insurer or self-insured employer to pay to the attorney, out of the additional compensation awarded, an amount equal to 10 percent of any additional compensation awarded to the worker."

466, 472, 446 P3d 67 (2019). In interpreting the statute at issue here, we apply the Supreme Court's familiar methodology for statutory construction, considering the statutory text in its context, consulting available legislative history to the extent we find it helpful, and, if necessary to resolve any remaining ambiguities, resorting to maxims of statutory interpretation. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). Here, as explained below, we conclude that the statutory text, in context, supports claimant's position. Furthermore, the legislative history of ORS 656.383 confirms that understanding. Accordingly, we need not, and do not, apply maxims of statutory interpretation to resolve any ambiguity.

The legislature enacted ORS 656.383 in 2015 as part of a bill that increased the availability of attorney fees for claimants' attorneys with the intention of, among other things, "creating meaningful change to address workers' access to legal representation" and "motivating parties to process claims correctly the first time." Exhibit 18, Senate Committee on Workforce, HB 2764, May 12, 2015 (letter from Guy Boileau and John Mohlis, co-chairs of Management-Labor Advisory Committee). ORS 656.383 incentivizes legal representation on issues related to temporary disability benefits by providing an assessed fee when a claimant's attorney succeeds in obtaining those benefits:

> "The claimant's attorney shall be allowed a reasonable assessed attorney fee if:
>
> "(1)   The claimant's attorney is instrumental in obtaining temporary disability compensation benefits pursuant to ORS 656.210, 656.212, 656.262, 656.268 or 656.325 prior to a decision by an Administrative Law Judge; or
>
> "(2)   The claimant finally prevails in a dispute over temporary disability compensation benefits pursuant to ORS 656.210, 656.212, 656.262, 656.268 or 656.325 after a request for hearing has been filed."

ORS 656.383.

At issue here is what it means for a claimant's attorney to be "instrumental in obtaining temporary disability benefits pursuant to ORS *** 656.268." We first consider the significance of that phrase's reference to ORS

656.268. ORS 656.268 is a complex provision with numerous subsections. Subsections (1) to (5) generally establish when a claimant's claim may be closed; when a worker's entitlement to temporary disability benefits terminates; and what the notice of closure must contain. ORS 656.268(5)(e) makes requesting reconsideration a mandatory first step for objecting to a notice of closure: "If a worker, a worker's beneficiary, an insurer or a self-insured employer objects to the notice of closure, the objecting party first must request reconsideration by the director [of the Department of Consumer and Business Services (DCBS)] under this section." ORS 656.268(6) to (8) establish procedural and substantive requirements for the reconsideration proceeding. As relevant here, ORS 656.268(6)(c) provides as follows:

> "In any reconsideration proceeding under this section in which the worker was represented by an attorney, the director shall order the insurer or self-insured employer to pay to the attorney, out of the additional compensation awarded, an amount equal to 10 percent of any additional compensation awarded to the worker."

The text of a statute is the best evidence of the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). As set out above, the text of ORS 656.383(1) expressly references ORS 656.268, providing for assessed fees when a claimant's attorney is "instrumental in obtaining temporary disability compensation benefits pursuant to ORS *** 656.268." And as explained above, among the other things it does, ORS 656.268 mandates and governs the reconsideration process. Thus, under a plain-text reading of ORS 656.383, an award of temporary disability benefits on reconsideration is one made "pursuant to" ORS 656.268.

If, as SAIF contends, the legislature had intended to exclude the reconsideration process from the assessed-fee provisions of ORS 656.383(1), it could have omitted that reference to ORS 656.268, or it could have specified that the fee provision applied only to temporary disability compensation benefits obtained pursuant to specific subsections of ORS 656.268, not including its reconsideration provisions. However, the legislature did neither of those things; rather, the enacted text includes the above-quoted reference to ORS

656.268 without limitation, which encompasses the subsections relating to the reconsideration process.

Simply put, then, the benefits at issue here necessarily satisfy several requirements of ORS 656.383(1), in that (1) they are temporary disability benefits; (2) they were awarded "pursuant to" ORS 656.268 (because they were awarded on reconsideration, which is mandated and governed by ORS 656.268); and (3) they were awarded before a decision by the ALJ. That leaves only two aspects of the board's reasoning and SAIF's arguments on review for our consideration. First, what does it mean for an attorney to be "instrumental in obtaining" benefits? Second, what effect, if any, does the attorney-fee provision in ORS 656.268(6)(c) have on our analysis?

We begin our consideration of those questions by first quickly rejecting the board's view—which SAIF does not defend on review—that to "obtain" means to gain only through settlement, rather than through an order. The board observed that "obtain" means "'[t]o get hold of by effort; to get possession of; to procure; to acquire in any way.' *Black's Law Dictionary* 972 (5th ed 1979)." The board reasoned that, by choosing the word "obtain" rather than the word "award," the legislature signaled an intention to limit attorney fees under ORS 656.383(1) to situations involving voluntary payments by insurers and self-insured employers, rather than those involving benefits awarded by order.

That reasoning fails to take into account the essence of the definition of "obtain" that the board relied on: To obtain something is to acquire it *in any way. Black's Law Dictionary* 972 (5th ed 1979); *see also Black's Law Dictionary* (11th ed 2019) (defining "obtain" as "[t]o succeed either in accomplishing (something) or in having it be accomplished; *to attain by effort*" (emphasis added)); *Webster's Third New Int'l Dictionary* 1559 (unabridged ed 2002) (defining "obtain" as "to gain or attain possession or disposal of usually by some planned action or method"). Given that a claimant's attorney's efforts may yield temporary disability benefits for the claimant before a decision by the ALJ both by voluntary action of the insurer and by order on reconsideration, the legislature's choice to use the broader term "obtain" rather

than the narrower term "award" does not indicate to us an intention to limit application of ORS 656.683(1) to benefits provided only as a result of voluntary action. Rather, the choice of the broad term "obtain" reflects an intention to allow a fee for benefits that the attorney's efforts yield for the claimant regardless of how they are attained.

Next we consider the significance to our analysis, if any, of ORS 656.268(6)(c). As set out above, that paragraph provides for an out-of-compensation attorney fee of 10 percent of any additional compensation awarded to the claimant in a reconsideration proceeding under ORS 656.268. The board reasoned that that provision directly conflicts with ORS 656.683(1). In light of that perceived conflict, the board held that ORS 656.268(6)(c) is the more specific provision and, therefore, displaces the fee provision in ORS 656.683(1). On review, SAIF defends the board's reasoning, contending that the two provisions conflict and that the board was therefore correct to disregard ORS 656.683(1)'s assessed-fee provision, and apply only the out-of-compensation attorney fee provision of ORS 656.268(6)(c).

However, we perceive no conflict. Workers' compensation is an entirely statutory area of law. *Cato v. Alcoa-Reynolds Metals Co.*, 210 Or App 721, 731, 152 P3d 981, *rev den*, 343 Or 115 (2007) (citing *Haret v. SAIF*, 72 Or App 668, 673-74, 697 P2d 201, *rev den*, 299 Or 313 (1985)). As explained above, under the Workers' Compensation Law, the legislature has provided for two different types of attorney fees for claimants' attorneys—assessed fees and out-of-compensation fees. In all reconsideration proceedings—which may involve issues relating to permanent disability as well as temporary disability benefits—it has provided for an out-of-compensation fee. ORS 656.268(6)(c). In all situations involving temporary disability benefits—including reconsideration proceedings and other situations in which temporary disability benefits are obtained prior to a decision by an ALJ—it has provided for an assessed fee. ORS 656.383(1). Neither statute is ambiguous in that regard. Thus, when a claimant's attorney is instrumental in obtaining, prior to an ALJ decision, temporary disability benefits on reconsideration under ORS 656.268, the statutes collectively authorize both an assessed and an out-of-compensation fee.

Our interpretation is entirely consistent with the legislature's intention to provide more attorney fees for claimants' attorneys in order to ensure that claimants would have access to representation. We decline to read a conflict into the statutory text to avoid an outcome that is consistent with its purpose.[3] *Accord Cayton v. Safelite Glass Corp.*, 232 Or App 454, 463, 222 P3d 1134 (2009) (rejecting the claimant's argument that he was entitled to two penalties for the same conduct by the insurer because "we do not understand how duplicative penalties for the same conduct would further the legislature's goal of promoting timely closure of claims").

SAIF also relies on two other statutory subsections that, in its view, demonstrate that ORS 656.383(1) does not apply to reconsideration proceedings. First, SAIF relies on ORS 656.388(1), which, it contends, prohibits fee awards by the director on reconsideration unless they are allowed by a "specific exception" to that subsection.[4]

---

[3] We note that, even assuming that both fee provisions apply, that arrangement would never result in a total attorney fee that is greater than either 10 percent of the increase in compensation (ORS 656.268(6)(c)) or a reasonable fee (ORS 656.383(1)). That is so because, even if a decisionmaker were to award fees under both provisions, the reasonable assessed fee under ORS 656.383(1) would necessarily take into account the out-of-compensation fee under ORS 656.268(6)(c).

[4] ORS 656.388(1) provides as follows:

"No claim or payment for legal services by an attorney representing the worker or for any other services rendered before an Administrative Law Judge or the Workers' Compensation Board, as the case may be, in respect to any claim or award for compensation to or on account of any person, shall be valid unless approved by the Administrative Law Judge or board, or if proceedings on appeal from the order of the board with respect to such claim or award are had before any court, unless approved by such court. In cases in which a claimant finally prevails after remand from the Supreme Court, Court of Appeals or board, then the Administrative Law Judge, board or appellate court shall approve or allow a reasonable attorney fee for services before every prior forum as authorized under ORS 656.307(5), 656.308(2), 656.382 or 656.386. No attorney fees shall be approved or allowed for representation of the claimant before the managed care organization."

Until 2015, the last sentence of ORS 656.388(1) provided, "No attorney fees shall be approved or allowed for representation of the claimant before the managed care organization or Director of the Department of Consumer and Business Services except for representation at the contested case hearing." ORS 656.388(1) (2013). HB 2764 (2015)—the same bill in which ORS 656.383 was enacted—ended that sentence after "managed care organization," eliminating the prohibition on fee awards for work done representing the claimant before the director other than at the hearing. Or Laws 2015, ch 521, § 8. In the legislative history, that

ORS 656.388(1) has existed since before 1983, when the attorney-fee award provisions were substantially different. *See, e.g.*, ORS 656.388(2) (1983) (providing for resolution of disagreement about the amount of a fee award between a claimant's attorney and a referee or the board through a summary proceeding in circuit court). It applies to fees awarded for services before an ALJ or the board. Since reconsideration became a mandatory step in workers' compensation litigation, the director has been empowered to award fees on reconsideration under ORS 656.268(6)(c) and its predecessors. *See* Or Laws 1990, ch 2, § 16 (among other changes, making reconsideration mandatory and authorizing the award of a 10 percent out-of-compensation fee on reconsideration). As SAIF acknowledges, the director's authority to award fees under ORS 656.268(6)(c) is not affected by ORS 656.388(1). Thus, ORS 656.388(1) does not deprive the director of the power to award fees when the award of fees is authorized by another statute—here, ORS 656.383(1).

Second, SAIF relies on ORS 656.388(6), which provides:

> "The board shall approve no claim for legal services by an attorney representing a claimant to be paid by the claimant if fees have been awarded to the claimant or the attorney of the claimant in connection with the same proceeding under ORS 656.268."

SAIF argues that, under that subsection, no additional fee may be awarded when the claimant is entitled to a fee under ORS 656.268(6)(c).

ORS 656.388(6) sets out circumstances under which the board is prohibited from approving a claim for fees by a claimant's attorney "to be paid by the claimant." As explained above, the workers' compensation statutes provide for two types of fees: out-of-compensation fees, which are paid by the claimant out of the claimant's benefits, and

---

change was identified as correcting an inconsistency. Audio Recording, Senate Committee on Workforce, HB 2764, May 13, 2015, at 1:02:00 (comments of Julie Masters), https://olis.leg.state.or.us (accessed Sept 8, 2021). That textual change also supports our conclusion, explained in the text, that ORS 656.388(1) does not limit ORS 656.383(1).

assessed fees, which are paid by the insurer or the self-insured employer in addition to the claimant's benefits. Thus, ORS 656.388(6) prevents the board from approving a claim for out-of-compensation fees—fees "to be paid by the claimant"—if fees have already been awarded "in connection with the same proceeding under ORS 656.268." The fee at issue here is an assessed fee, not an out-of-compensation fee; thus, it is not subject to ORS 656.388(6).[5]

       Accordingly, we conclude that ORS 656.383(1) entitles claimants' attorneys to fees after they obtain temporary disability benefits for claimants in proceedings on reconsideration pursuant to ORS 656.268. As noted above, the board did not reach the question of whether claimant's failure to attend the arbiter examination and consequent suspension of benefits affected her attorney's right to an assessed fee under ORS 656.383(1). We remand for the board to consider that issue.

       Reversed and remanded.

---

[5] We express no further opinion on the application of ORS 656.388(6).